1   RICHARD T. BAUM
    State Bar No. 80889
2   11500 West Olympic Boulevard
    Suite 400
3   Los Angeles, California  90064-1525
    Tel:    (310) 277-2040
4   Fax:   (310) 286-9525

5   LAWRENCE M. JACOBSON (SBN 100939)
    GLICKFELD, FIELDS & JACOBSON LLP
6   9720 Wilshire Boulevard, Suite 700
    Beverly Hills, California  90212
7   Telephone:  (310) 550-7222
    Facsimile:  (310) 550-6222

8
    Attorneys for Debtor and Debtor-in-Possession
9   LAKELAND DEVELOPMENT COMPANY

10

11              UNITED STATES BANKRUPTCY COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13                   LOS ANGELES DIVISION

14

15   In re                          )   No.  2:12-bk-25842 RN
                                     )
16      LAKELAND DEVELOPMENT         )   Chapter 11
        COMPANY,                     )
17                                   )   **CHAPTER 11 STATUS REPORT RE:**
                    Debtor.          )   **PLAN OF REORGANIZATION**
18                                   )
                                     )   Date:      February 12, 2015
19                                   )   Time:      2:00 pm
     _____)   Ctrm:      1645
20

21

22
         **TO  THE  HONORABLE  RICHARD  NEITER,  UNITED  STATES  BANKRUPTCY**
23
     **JUDGE:**
24

25
         Debtor-in-Possession  LAKELAND  DEVELOPMENT  Company  ("Lakeland"  or
26
     "Debtor") submits this brief Status Report to explain why it withdrew its Second Amended
27
     Plan of Reorganization on December 30, 2014.  Lakeland did so because it is concerned
28
     _____
                  **CHAPTER 11 STATUS REPORT RE PLAN OF REORGANIZATION**

1   that it does not currently have sufficient information regarding certain matters with potential

2   financial and temporal impact on the proposed plan, which are necessary to satisfy the

3   requirements of 11 USC §1125(a).  Lakeland expects to have more information in the next

4   few weeks, at which time it will submit a proposed Third Amended Plan[1] and disclosure

5   statement.

6

7        Specifically, the issues relate to Ridgeline Energy Services (USA) Inc. ("Ridgeline"),

8   its de-watering of the storage tanks and removal of material from the subject real property

9   ("the Property"), which was formerly owned by Lakeland and has since been sold to

10  Goodman Santa Fe Springs SPE LLC ("Goodman").  Ridgeline has obligations to both

11  Lakeland and Goodman to drain and clean large storage tanks on the Property and to

12  remove other material from the Property. Lakeland also has obligations to purchaser

13  Goodman to remove those tanks once they are de-watered.  However, Ridgeline has failed

14  (or refused) to drain the tanks and process the water and sludge.  Goodman has indicated

15  that it would not assert administrative claims against Lakeland due to delay in removing the

16  tanks if they were removed by a date acceptable to Goodman.  However, the Los Angeles

17  Superior Court has enjoined Ridgeline from draining and cleaning the tanks without

18  approval of the Southern California Air Quality Management District ("the AQMD").

19  Ridgeline submitted a plan to the AQMD, but as of late December (when Lakeland

20  withdrew the Second Amended Plan), the AQMD had not yet responded.  The AQMD

21  issued its response on December 31, requesting certain revisions before Ridgeline's plan

22  could be approved.  As a result, Lakeland still does not know whether Ridgeline will be able

23  to obtain AQMD approval of a plan in time to de-water and clean the storage tanks on a

24  schedule that meets with Goodman's approval.  That, in turn, could impact the existence

25  and/or size of administrative claims against the estate.

26  _____

27        [1] The Court has not yet reviewed or considered a plan in any detail.  The Court asked Lakeland to withdraw the original Plan and First Amended Plan because they were filed prior to the sale of the Property.

28
_____

**CHAPTER 11 STATUS REPORT RE PLAN OF REORGANIZATION**

1        Additional uncertainly results from the fact that Lakeland currently has a default

2 judgment against Ridgeline for $662,998.33, based on Ridgeline's failure to make certain

3 contractual payments or provide adequate stock to Lakeland, but that judgment may be

4 affected by Lakeland's pending deal with Ridgeline.  Ridgeline filed a motion to set aside

5 that default judgment, which is set for hearing on February 12, 2015, but may be

6 postponed as the parties continue to discuss settlement. Ridgeline and Lakeland have

7 been discussing resolution of the judgment and the claims out of which it arose, as part of

8 an overall agreement that also covers Ridgeline's work on the tanks and other remediation

9 of the Property.  That agreement could include payment of the judgment or a reduction of

10 the amount, which would impact the assets that Lakeland will have for distribution to

11 creditors. However, as noted above, that agreement cannot be fully negotiated or finalized

12 until the parties know whether Ridgeline can obtain AQMD approval of a plan to perform

13 those tasks.[2]

14

15        Lakeland believes that it will have much more information within the next month or

16 two, which will be sufficient to enable it to finalize and prepare a Third Amended Plan and

17 disclosure statement that will give creditors a better idea of how much they can expect to

18 receive and when they can expect to receive it.   Much of that plan has already been

19 drafted.  As with the previous plan, it calls for a capital infusion of $1,500,000 from a

20 company related to Lakeland (Powerine Oil Company), in exchange for which that

21 company would receive the equity in Lakeland and the tax benefits which would

22 accompany that equity (which are only available to companies that are related to the

23 original entity).

24

25

26       [2]If the parties do not reach an agreement, Ridgeline will presumably go forward with
its motion to set aside the default judgment, while Lakeland will oppose that motion and

27 continue efforts to collect the judgment from Ridgeline and/or related parties.  Whatever
the outcome, it will affect the assets available for distribution under a plan.

28

1    DATED: January 5, 2015                LAW OFFICES OF RICHARD T. BAUM and
                                           GLICKFELD, FIELDS & JACOBSON LLP
2
                                           */s/ Richard T. Baum*
3
                                           _____
4                                          RICHARD T. BAUM, Attorney for Debtor-in-
                                           Possession LAKELAND DEVELOPMENT
5                                          COMPANY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Blvd, Suite 400, Los Angeles, California 90064-1525. A true and correct copy of the foregoing document described as **CHAPTER 11 STATUS REPORT RE PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 5, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☑ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On January 5, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 5, 2015 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Judge Richard Neiter, bin outside courtroom 1645, 255 East Temple Street, Los Angeles, California 90012 (hand delivered by attorney service)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2015 | Richard T. Baum | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**

**LAKELAND DEVELOPMENT COMPANY**

*2:12-bk-25842 RN*

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Attorneys for Debtor Lakeland Development Company:
•Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
•Lawrence M Jacobson    lmj@gfjlawfirm.com

Attorneys for Secured Creditor 12345 Lakeland LLC:
•Lorie A Ball    LABall@rkmc.com
•Howard J Weg    HJWeg@rkmc.com

Attorney for Goodman Santa Fe Springs SPE LLC:
•Randy P Orlik    rorlik@coxcastle.com

Attorney for Ridgeline Energy Services (USA) Inc.:
•Louis E Kempinsky    lek@kempinskylaw.com

Attorney for the County of Los Angeles Treasurer/Tax Collector:
•Barry S Glaser    bglaser@swesq.com, erhee@swesq.com

Attorneys for Creditor Argo Partners:
•Matthew A Gold    courts@argopartners.net
•Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com;
vcorbin@winthropcouchot.com

Attorney for the City of Santa Fe Springs:
•Ronald E Ostrin    ron@ostrinlaw.com

Attorneys for Creditors Loeb & Loeb:
•Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
•Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com

Attorney for Regional Water Quality Control Board, Los Angeles Region; State Water
Resources Control Board:
•Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov,
gwen.blanchard@doj.ca.gov

Attorney for SoCal Developers, Michael Abbasfard:
•Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com

Attorney for Secured Creditor Iron Mountain:
•Joseph Corrigan    Bankruptcy2@ironmountain.com

Attorney for Creditor Seaport Group:
•Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com

Attorney for Creditors ACE Property and Casualty Insurance Company and Central
National Insurance Company of Omaha:
•Mark D Plevin    mplevin@crowell.com

1    <u>Attorney for National Union Fire Insurance Company of Pittsburgh, PA</u>:
•Stephen Wong     swong@spcclaw.com

2

3    <u>Attorney for Creditor Smith, Gambrell & Russell</u>:
•John G McCarthy     jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com

4    <u>Attorneys for the Office of the United States Trustee</u>:
• Kenneth G Lau     kenneth.g.lau@usdoj.gov

5    • United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

6

7    **<u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>:**

8    <u>By US Mail</u>:

9    <u>Special Notice</u>:

10   Rafael Bernardino
Hobson Bernardino + Davis LLP

11   725 S Figueroa St, Ste 3230
Los Angeles, CA 90017

12   H. Henry Eshraghian
Expert Accounting & Tax Firm

13   112 W 9th St Ste 325
Los Angeles, CA 90015

14

15   The Seaport Group LLC Profit Sharing Plan
c/o The Seaport Group LLC
Attn: Scott Friedberg

16   360 Madison Ave 22nd Fl
New York, NY 10017

17

18

19

20

21

22

23

24

25

26

27

28

---

**CHAPTER 11 STATUS REPORT RE PLAN OF REORGANIZATION**