| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD T. BAUM,  SBN 80889<br>11500 West Olympic Boulevard<br>Suite 400<br>Los Angeles, California  90064<br>310.277.2040 \| fax:  310.286.9525<br><br>☐  *Movant(s) appearing without an attorney*<br>☒  *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>LAKELAND DEVELOPMENT COMPANY,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:12-bk-25842 RN<br>CHAPTER: 11<br><br>**DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)**<br><br>[No Hearing Required] |
|---|---|

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  **On:** _____1/28/2015_____ Movant(s) filed a motion entitled: Notice of Motion and Motion for Order Setting Supplemental Bar Date fr Filing Proofs of Claim by Creditors Listed as Disputed in Debtor's Amended Schedules

3.  A copy of the motion and notice of motion is attached hereto.

4.  **On** _____1/28/2014_____, Movant(s) served a copy of ☐ the notice of motion or ☒ the motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  **Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline for filing and serving a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).**

6.  **More than** ___19___ **days have passed since Movant(s) served the notice of motion.**

7.  **I have checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing has been timely filed.**

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

8. **No response and request for hearing has been timely served on Movant(s) at the street address, email address, or facsimile number specified in the notice of motion.**

9. Based upon the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.


WHEREFORE, Movant(s) requests that the motion be granted and an order be entered without a hearing on the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: <u>2/17/2015</u>

/s/ Richard T. Baum
_____
Signature

RICHARD T. BAUM
_____
Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                    Page 2                    **F 9013-1.2.NO.HEARING.DEC**

1  RICHARD T. BAUM
State Bar No. 80889
2  11500 West Olympic Boulevard
Suite 400
3  Los Angeles, California  90064-1525
Tel:   310.277.2040
4  Fax:  310.286.9525

5  LAWRENCE M. JACOBSON
State Bar No. 100939
6  Glickfeld, Fields & Jacobson LLP
9720 Wilshire Boulevard
7  Suite 700
Beverly Hills, California 90212
8  Tel:  310.550.7222
Fax: 310.550.6222
9

10  Attorneys for Debtor-in-Possession
LAKELAND DEVELOPMENT COMPANY
11

12              **UNITED STATES BANKRUPTCY COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                 **LOS ANGELES DIVISION**

15

16  In re                                    )    Case No. 2:12-bk-25842 RN
                                             )
17                                           )    Chapter 11
    LAKELAND DEVELOPMENT                     )
18  COMPANY,                                 )    **NOTICE OF MOTION AND MOTION
                                             )    FOR ORDER SETTING
19                                           )    SUPPLEMENTAL BAR DATE FOR
               Debtor.                       )    FILING OF PROOFS OF CLAIM BY
20                                           )    CREDITORS LISTED AS "DISPUTED"
                                             )    IN DEBTOR'S AMENDED
21                                           )    SCHEDULES; MEMORANDUM OF
                                             )    POINTS AND AUTHORITIES;
22                                           )    DECLARATION OF RICHARD T.
                                             )    BAUM**
23  _____)

24                                           **[No Hearing Set – LBR 9013-1(o)(1)]**

25

26          **TO THE UNITED STATES TRUSTEE, ALL CREDITORS AND ALL INTERESTED**

27  **PARTIES:**

28
_____
        **MOTION FOR ORDER FOR SETTING OF SUPPLEMENTAL BAR DATE**

**NOTICE IS HEREBY GIVEN** that Debtor-in-Possession LAKELAND DEVELOPMENT COMPANY ("Debtor" or "Lakeland") moves the court for an order setting a supplemental bar date for the filing of proofs of claim by those creditors to whose claims Lakeland described as "Unliquidated", "Contingent" and/or "Disputed" in its Amended Schedule F filed on January 27, 2015. If the holder of a "Unliquidated", "Contingent" and/or "Disputed" claim does not file a Proof of Claim within the period set by the supplemental bar date, that claim would be disallowed and not paid under Lakeland's Plan of Reorganization. The motion also seeks an order that any creditor whose claim is scheduled as disputed is not entitled to vote upon Lakeland's reorganization plan unless and until it has filed a Proof of Claim, and is not entitled to receive notices and other documents in this case.

The grounds for the motion are that a debtor may file amended schedules of assets and liabilities at any time prior to the closing of the case, the schedules reveal that there are a number of creditors whose claims were scheduled as not unliquidated, contingent or disputed when the Debtor filed its petition. As scheduled, these claims are prima facie allowable and allowed claims. Upon closer review by the Debtor, these claims are subject to dispute, and as disputed claims they are not longer entitled to the presumption of validity. Inasmuch as the original bar date has passed, due process requires that claims scheduled as disputed be given the opportunity to file proofs of claim in order to assert the validity of their claims. Creditors holding disputed claims are not permitted to vote upon a debtor's reorganization plan, however if a Proof of Claim is filed on behalf of any of the subject creditors, that creditor may vote upon the plan under the terms of the order sought by this motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon the Notice of Motion, filed concurrently herewith, the Motion, the attached Memorandum of Points and Authorities, the Declaration of Richard T. Baum, and such other and further grounds as may be properly presented to the Court.

1    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-

2    1(o)(1), you are hereby advised that unless an objection along with a request for a hearing

3    is properly filed and served within fourteen (14) days after the date of this Notice, a

4    proposed order will be lodged by the Debtor approving the proposed Agreement, as more

5    particularly described in the Motion. Any response or opposition to the Motion shall be

6    stated in writing, filed with the Court, and served on the attorneys for the Debtor at the

7    addresses set forth on the first page of this motion, on the United States Trustee at: 915

8    Wilshire Boulevard, Suite 1850, Los Angeles, California 90017 and on all creditors and

9    other parties in interest who are entitled to notice. If you fail to file a written response within

10   fourteen (14) days after the date of the service of this Notice, the Court may treat such

11   failure as a waiver of your right to oppose the Motion and may grant the requested relief.

12

13   DATED:   January 28, 2015                    RICHARD T. BAUM and
                                                  GLICKFELD, FIELDS & JACOBSON LLP
14

15                                                /s/ Richard T. Baum

16                                                _____
                                                  RICHARD T. BAUM

17

18

19

20

21

22

23

24

25

26

27

28

---

**MOTION FOR ORDER FOR SETTING OF SUPPLEMENTAL BAR DATE**

## MOTION FOR SUPPLEMENTAL BAR DATE

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

Debtor-in-Possession LAKELAND DEVELOPMENT COMPANY ("Lakeland" or "Debtor") hereby moves the court for the following orders in connection with its filing of an Amended Schedule F:

1.  That the Court set a Supplemental Bar Date by which only creditors listed as contingent, unliquidated or disputed must file a Proof of Claim if they have not already done so;

2.  That creditors scheduled as contingent, unliquidated or disputed on Amended Schedule F who do not file a proof of claim by the Supplemental Bar Date will have their claims disallowed;

3.  That creditors scheduled as contingent, unliquidated or disputed on Amended Schedule F who file proofs of claim are entitled to receive copies of the Disclosure Statement and Plan, once approved, and are entitled to vote on Lakeland's Plan of Reorganization when it is subject to voting by creditors;

4.  That creditors scheduled as contingent, unliquidated or disputed on Amended Schedule F who do not file a proof of claim by the Supplemental Bar Date are not entitled to receive copies of the Disclosure Statement and Plan, nor are entitled to vote upon the Plan, nor are entitled to receive any further notices from the Court or the parties.

DATED:   January 28, 2015           RICHARD T. BAUM and
                                    GLICKFELD, FIELDS & JACOBSON LLP


                                    /s/ Richard T. Baum
                                    _____
                                    RICHARD T. BAUM, Attorneys for Debtor-in-
                                    Possession LAKELAND DEVELOPMENT
                                    COMPANY

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3        As part of a debtor's obligation to the estate to review and, if necessary, contest

4   claims, Lakeland examined its Schedule F and determined that a number of claims listed

5   therein were subject to objection as being disputed as to its liability.  Lakeland filed an

6   Amended Schedule F in which it designated a number of creditors whose claims were

7   deemed to be suspect and who did not file a proof of claim.  Since claims listed in the

8   schedules which are not shown as "contingent", "unliquidated" and/or "disputed" are

9   entitled to the presumption of *prima facie* validity in a Chapter 11, those creditors may have

10  rested upon that presumption in deciding not to file a proof of claim.  Having amended

11  Schedule F to include a number of those claims to be disputed, due process and fairness

12  requires that newly disputed creditors be given the opportunity to file proof of claim so as

13  to not become unfairly barred from recovery from the estate.

14        This Motion seeks orders setting the new bar date for these newly disputed creditors

15  and directing Lakeland to serve those creditors accordingly.  This motion also seeks an

16  order disallowing any claim by a newly disputed creditor who did not file a proof of claim

17  within the time set herein.

18        Under FRBP Rule 1009(a), a debtor may amend his/her/its schedules as a matter

19  of course at any time prior to the closing of the case. In re Arellano, 517 BR 228, 229

20  (Bankr SD Cal 2014); see also Tyner v. Nicholson (In re Nicholson), 435 BR 622, 630

21  (Bankr 9th Cir  2010).  A debtor has a fundamental obligation to file schedules and other

22  disclosures that are truthful and accurate. Upon any determination that the information

23  contained therein is materially inaccurate, a debtor must amend the disclosures

24  accordingly.  In re Gaulden, 2014 WL 5823277, at *12 (Bankr WD Mich Nov. 10, 2014).

25        Creditors holding a claim or interest listed on a Chapter 11 debtor's schedules as

26  "uncontested" (i.e., not listed as "disputed", "contingent" or "unliquidated") are deemed to

27  have filed a proof of claim in the amount listed on the schedule, without having to file an

28  actual proof of claim. 11 USC § 1111(a); FRBP 3003(b).  The debtor's unqualified

1  scheduling of the claim or interest has the same effect as filing a proof of claim or

2  interest—i.e., it constitutes *prima facie* evidence of the validity and amount of the claim or

3  interest. FRBP 3003(b)(1),(2); National Labor Relations Bd. v. Bildisco & Bildisco (1984)

4  465 US 513, 530, 104 S Ct 1188, 1205, fn. 10.  If the Debtor takes no further action, all

5  scheduled debts will be allowed if listed as uncontested.

6       In Chapter 11, the Debtor-in-Possession is vested with the powers of a trustee,

7  Bankruptcy Code §1107(a).  A trustee's duties are spelled out in Section 704(a), and

8  include, *inter alia*, the duty to "examine proofs of claim and object to the allowance of any

9  claim that is improper", 11 USC 704(a)(5). Where it is determined that the initial schedules

10  may contain errors which would lead to the allowance of improper claims, the Debtor must

11  amend the schedules to contest those claims and deny them the *prima facie* validity they

12  erroneously enjoyed.

13       However, after the amendment, those creditor affected by the amended schedules

14  must be given an opportunity to file their proofs of claim.  Since they may have relied upon

15  the presumption of validity in not filing proofs of claim, a specific notice should be given to

16  them instructing them to file a proof of claim if they believe they have claims, and further

17  advising them that failure to file a proof of claim will exclude them from participation in

18  Lakeland's estate.

19       Lakeland proposes that each creditor whose claim was affected by the amendment

20  be sent a Notice of Supplemental Bar Date in which it is explained that its claim has been

21  objected to, that it must file a proof of claim in the amount which it contends is due from

22  the Lakeland, and that if a proof of claim is not filed, the creditor will not receive any

23  distribution of money or property from the estate and will no longer be considered a creditor

24  of party-in-interest, thereby no longer receiving notices or other papers related to the case.

25  A proposed Notice of Supplemental Bar Date is attached as Exhibit 1 hereto.  Lakeland

26  proposes that notices will be sent by US Mail to the creditor's address as shown on the

27  original schedules, the address shown on the amended schedules if different, and upon

28  the agent for service of process as shown on the website of the Secretary of State of

1  California.  In that way, the chances that affected creditors will receive actual notice is

2  greatly increased.

3          The Debtor proposes that the Supplemental Bar Date be set for April 15, 2015

4  which is approximately 60 days after it is expected that an order on this motion will be

5  entered, and approximately 60 days after it is expected that Notice of Supplemental Bar

6  Date will be mailed.

7

8  DATED: January 28, 2015                    RICHARD T. BAUM and
                                              GLICKFELD, FIELDS & JACOBSON LLP
9

10                                            /s/   Richard T. Baum

11                                            RICHARD T. BAUM, Attorneys for Debtor-in-
                                              Possession LAKELAND DEVELOPMENT
12                                            COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### DECLARATION OF RICHARD T. BAUM

2

3      I, RICHARD T. BAUM, declare:

4      1.  I am an attorney duly licensed to practice law in the State of California and am

5 duly admitted to practice before the United States Courts for the Central District of

6 California.  Along with Lawrence M. Jacobson of Glickfeld, Fields & Jacobson LLP ("GFJ"),

7 I am attorney of record for the Debtor and Debtor-In-Possession LAKELAND

8 DEVELOPMENT COMPANY herein.  I have personal knowledge of the facts set forth

9 below, and if called upon to testify competently thereto.

10      2.  This court initially set a Bar Date for the filing of Proofs of Claim on July 9, 2012.

11 The date by which claims were required to be filed was August 31, 2012.  Notice of that

12 Bar Date was mailed to all creditors on July 9, 2012 at the addresses shown on the

13 Debtor's schedules. 64 proofs of claim were filed timely (including governmental claims),

14 and the Debtor stipulated to orders that three late filed claims would be considered timely

15 filed.  As a result of the sale of the Debtor's real property, all claims secured by that real

16 property were paid in full.  One secured claim remains which is undisputed by the Debtor

17 and for which a proof of claim was timely filed.

18      3.  The Debtor originally scheduled its unsecured claims on its Schedule F without

19 designating whether any of those claims were contingent, unliquidated or disputed.  A

20 number of those listed did not file proofs of claim.  Since claims which are scheduled and

21 not shown as disputed, unliquidated or contingent are entitled to be allowed (Bankruptcy

22 Code §1111(a)), neither I nor the Debtor's principals can determine whether the non-filing

23 creditor did not believe it had a claim, or relied upon the presumption that it did not have

24 to file a proof of claim because it was entitled to prima facie validity based upon the

25 schedules.

26      4.  The Debtor reviewed all claims filed in this case and reviewed its records related

27 to those creditors whose claims were scheduled and did not file proofs of claim.  Based

28 upon that review, the Debtor filed Amended Schedule F wherein it listed claims against it

1  as "contingent", "unliquidated" or "disputed" based upon that review.  The Amended

2  Schedule F was filed on January 27, 2015.

3       I declare under the penalty of perjury under the laws of the United States of America

4  that the foregoing is true and correct.

5       Executed this 28th day of January 2015 at Los Angeles, California.

6

7                                              /s/ Richard T. Baum

8                                              _____
                                               RICHARD T. BAUM

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

RICHARD T. BAUM
State Bar No. 80889
11500 West Olympic Boulevard
Suite 400
Los Angeles, California  90064-1525
Tel:    (310) 277-2040
Fax:    (310) 286-9525

LAWRENCE M. JACOBSON (SBN 100939)
GLICKFELD, FIELDS & JACOBSON LLP
9720 Wilshire Boulevard, Suite 700
Beverly Hills, California  90212
Telephone:  (310) 550-7222
Facsimile:  (310) 550-6222

Attorneys for Debtor and Debtor-in-Possession
LAKELAND DEVELOPMENT COMPANY

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-25842 RN |
| | Chapter 11 |
| LAKELAND DEVELOPMENT COMPANY, | **[PROPOSED] NOTICE OF SETTING OF SUPPLEMENTAL BAR DATE FOR FILING PROOFS OF CLAIM AND/OR INTEREST** |
| Debtor. | |
| | **[No Hearing Set – LBR 9013-1(o)(1)]** |
| | SUPPLEMENTAL BAR DATE:    <u>**April 15, 2015**</u> |

**TO ALL CREDITORS:**

    **NOTICE IS HEREBY GIVEN** that Debtor LAKELAND DEVELOPMENT COMPANY

("Lakeland" or "Debtor") filed amended Schedules in this Chapter 11 Bankruptcy Case.  As

1  a result of that amendment, your claim has been listed as "contingent", "unliquidated" or

2  "disputed".  Consequently, YOU MUST FILE A PROOF OF CLAIM IN ORDER TO HAVE

3  ANY FURTHER PARTICIPATION IN THIS BANKRUPTCY CASE.

4

5        **NOTICE IS FURTHER GIVEN** that the United States Bankruptcy Court in the above-

6  captioned Chapter 11 case has established a Supplemental Bar Date for Filing of Proofs

7  of Claims in the Order Setting Bar Date for Filing of Proofs of Claims (the "Order") setting

8  **April 15, 2015** (the "Bar Date") as the last date for filing Proofs of Claims against this

9  Debtor.  Copies of the Order and the Debtor's Schedules of Assets and Liabilities, as

10  amended, may be inspected at the Office of the Clerk of the United States Bankruptcy

11  Court, 255 East Temple Street, 9th Floor, Los Angeles, California 90012, or upon the

12  website of the Bankruptcy Court, ecf.cacb.uscourts.gov , using the PACER system.

13

14        EXCEPT AS STATED BELOW, ANY PROOF OF CLAIM FILED AFTER APRIL 15,

15  2015 WILL BE DISALLOWED, EXCEPT IF OTHERWISE ORDERED BY THE COURT.

16  ANY PERSON OR ENTITY THAT IS REQUIRED BY THE ORDER TO FILE A PROOF OF

17  CLAIM AND THAT FAILS TO DO SO BY APRIL 15, 2015 SHALL NOT BE TREATED AS

18  A CREDITOR FOR PURPOSES OF VOTING OR DISTRIBUTION IN THIS CASE, AND

19  ANY CLAIM OF SUCH PERSON OR ENTITY AGAINST THE DEBTOR OR ANY

20  INTEREST IN ITS PROPERTY SHALL BE DISCHARGED AND FOREVER BARRED,

21  EXCEPT IF ORDERED OTHERWISE BY THE COURT.

22

23        EACH RECIPIENT OF THIS NOTICE AND HIS/HER/ITS RESPECTIVE AGENTS

24  AND ATTORNEYS HAVE AN AFFIRMATIVE DUTY TO REVIEW THIS NOTICE AND

25  TIMELY FILE ANY PROOF OF CLAIM ON OR BEFORE THE BAR DATE, OR BE

26  FOREVER BARRED FROM FILING OR ASSERTING ANY SUCH CLAIM OR INTEREST.

27  EACH RECIPIENT OF THIS NOTICE IS PERSONALLY RESPONSIBLE FOR

28

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**
- 2 -

1  REVIEWING THIS NOTICE AND TIMELY FILING ANY PROOF OF CLAIM AND SHOULD

2  NOT RELY UPON ITS RESPECTIVE AGENTS AND ATTORNEYS TO MEET THE

3  DEADLINE SPECIFIED IN THIS NOTICE.

4

5      A Proof of Claim form is attached and must be filed, together with one conformed

6  copy for use by the Court, so that they are actually received on or before 4:00 p.m. Pacific

7  Time on April 15, 2015 except as stated herein (to receive an acknowledgment that your

8  Proof of Claim has been received by the clerk, and filed, you must provide a second copy

9  and a postage paid, self-addressed envelope).

10

11      Proofs of Claim may be filed by mail or in person at the following address:

12          Clerk, United States Bankruptcy Court
            255 East Temple Street
13          9th Floor
            Los Angeles, California 90012
14

15  or may be electronically filed by persons qualified to use the court's CM/ECF system by

16  logging on to:

17          ecf.cacb.uscourts.gov

18

19      PROOFS OF CLAIM WILL BE DEEMED FILED ONLY WHEN ACTUALLY

20  RECEIVED BY THE CLERK OF THE BANKRUPTCY COURT.  Do not file with or send the

21  original of any Proofs of Claims to the Debtor or to the Debtor's counsel.  Any Proofs of

22  Claim sent to any person other than the Clerk of the Bankruptcy Court are not properly or

23  timely filed pursuant to the Order.

24

25      Pursuant to 11 U.S.C. §1111(a), a Proof of Claim is deemed filed for any claim or

26  interest that appears in the Schedules of the Debtor for a liquidated amount and is not

27  therein identified as disputed, contingent, or unliquidated.  If the amount is shown as

28

1   "unknown" or as "$0.00", it is considered disputed, contingent, or unliquidated, and a Proof

2   of Claim must be filed.  The Debtor reserves the right (a) to dispute and assert offsets,

3   counterclaims, or defenses to the amount, liability and/or priority of any claim listed in the

4   Schedules, (b) to subsequent designate any scheduled claim as disputed, contingent, or

5   unliquidated, and (c) to change the amount of any scheduled claim.  Any timely-filed Proof

6   of Claim will supersede any scheduled claim or interest.  IF YOU FILED A PROOF OF

7   CLAIM, YOU MAY FILE AN AMENDED PROOF OF CLAIM, BUT YOU ARE NOT

8   REQUIRED TO DO SO.

9

10      If you assert a claim against the Debtor, you must file a Proof of Claim if:

11      (a) You disagree with the amount of the claim scheduled by the Debtor in its

12  Schedules;

13      (b) The Debtor has scheduled your claim as "disputed" ,"contingent", or

14  "unliquidated";

15      (c) You believe your claim to be a secured claim and the Debtor has not so

16  scheduled your claim;

17      (d) You believe your claim to be entitled to priority under the <u>Bankruptcy Code</u>, and

18  the Debtor has not so scheduled your claim;

19      (e) Your claim is scheduled in an amount stated as "unknown" or in the amount of

20  "$0.00".

21

22      If you fail to file a Proof of Claim and your claim is not scheduled, is scheduled for

23  an unknown amount or for $0.00, or is scheduled as disputed, contingent, or unliquidated,

24  your claim will be discharged, and you will be forever barred from participating in the

25  Estate, from voting with respect to any Plan of Reorganization in this case, and from

26  receiving any distribution under any Plan of Reorganization that may be confirmed in this

27  case.  You nevertheless will be bound by the terms of any Plan of Reorganization that may

28

---

**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM**

be confirmed in this case, and you will no longer be entitled to receive any notices or mailings in this Chapter 11 case.

The term "claim" as utilized in the Order and this Notice is given the broadest possible definition under Bankruptcy law and includes any right to payment, whether in contract, tort, or by statute, and whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, priority, or unsecured as of May 4, 2012, the date the Debtor filed its Petition for Bankruptcy.  "Claim" also includes situations where acts have occurred prior to May 4, 2012, but actual injury has not been manifested, and equitable remedies for breach of performance, if such acts or breach give rise to a right to payment, whether or not such right to any equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Dated: February ___, 2015              LAW OFFICES OF RICHARD T. BAUM and
                                        GLICKFELD, FIELDS & JACOBSON

                                        /s/ Richard T. Baum
                                        _____
                                        RICHARD T. BAUM, Attorneys for
                                        Debtor and Debtor-In-Possession
                                        LAKELAND DEVELOPMENT COMPANY

1

# PROOF OF SERVICE OF DOCUMENT

2

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525. A true and correct copy of the foregoing

3

document described as **NOTICE OF MOTION AND MOTION FOR ORDER SETTING SUPPLEMENTAL BAR DATE FOR FILING OF PROOFS OF CLAIM BY CREDITORS LISTED AS "DISPUTED" IN DEBTOR'S**

4

**AMENDED SCHEDULES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RICHARD T. BAUM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR

5

5005-2(d); and **(b)** in the manner indicated below:

6

I. __TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")__ – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF

7

and hyperlink to the document. On January 28, 2015  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission

8

at the email address(es) indicated below:

9

☒  Service information continued on attached page

10

II.  __SERVED BY U.S. MAIL OR OVERNIGHT MAIL__(indicate method for each person or entity served)**:**

On January 28, 2015,  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy

11

case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes

12

a declaration that mailing to the judge __will be__ completed no later than 24 hours after the document is filed.

13

☒  Service information continued on attached page

14

III. __SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL__ (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 28, 2015 I served the following

15

person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on

16

the judge __will be__ completed no later than 24 hours after the document is filed.

17

Judge Richard Neiter, bin outside courtroom 1645, 255 East Temple Street, Los Angeles, California 90012 (hand delivered by attorney service)

18

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

19

| | | |
|---|---|---|
| January 28, 2015 | Richard T. Baum | /s/ Richard T. Baum |

20

*Date*                                    *Type Name*                          *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of

21

California.

22

*January 2009*                                                                                                          **F 9013-3.1**

23

24

25

26

27

28

# LAKELAND DEVELOPMENT COMPANY

### *2:12-bk-25842 RN*

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Attorneys for Debtor Lakeland Development Company:
•Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
•Lawrence M Jacobson    lmj@gfjlawfirm.com

Attorneys for Secured Creditor 12345 Lakeland LLC:
•Lorie A Ball    LABall@rkmc.com
•Howard J Weg    HJWeg@rkmc.com

Attorney for Goodman Santa Fe Springs SPE LLC:
•Randy P Orlik    rorlik@coxcastle.com

Attorney for Ridgeline Energy Services (USA) Inc.:
•Louis E Kempinsky    lek@kempinskylaw.com

Attorney for the County of Los Angeles Treasurer/Tax Collector:
•Barry S Glaser    bglaser@swesq.com, erhee@swesq.com

Attorneys for Creditor Argo Partners:
•Matthew A Gold    courts@argopartners.net
•Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com; vcorbin@winthropcouchot.com

Attorney for the City of Santa Fe Springs:
•Ronald E Ostrin    ron@ostrinlaw.com

Attorneys for Creditors Loeb & Loeb:
•Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
•Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com

Attorney for Regional Water Quality Control Board, Los Angeles Region; State Water Resources Control Board:
•Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov, gwen.blanchard@doj.ca.gov

Attorney for SoCal Developers, Michael Abbasfard:
•Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com

Attorney for Secured Creditor Iron Mountain:
•Joseph Corrigan    Bankruptcy2@ironmountain.com

Attorney for Creditor Seaport Group:
•Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com

Attorney for Creditors ACE Property and Casualty Insurance Company and Central National Insurance Company of Omaha:
•Mark D Plevin    mplevin@crowell.com

1  Attorney for National Union Fire Insurance Company of Pittsburgh, PA:
   •Stephen Wong      swong@spcclaw.com
2
   Attorney for Creditor Smith, Gambrell & Russell:
3  •John G McCarthy     jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com

4  Attorneys for the Office of the United States Trustee:
   •Kenneth G Lau      kenneth.g.lau@usdoj.gov
5  • United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

6
   **SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**
7
   By US Mail:
8
   Special Notice:
9
   Rafael Bernardino
10 Hobson Bernardino + Davis LLP
   725 S Figueroa St, Ste 3230
11 Los Angeles, CA 90017

12 H. Henry Eshraghian
   Expert Accounting & Tax Firm
13 112 W 9th St Ste 325
   Los Angeles, CA 90015
14
   The Seaport Group LLC Profit Sharing Plan
15 c/o The Seaport Group LLC
   Attn: Scott Friedberg
16 360 Madison Ave 22nd Fl
   New York, NY 10017
17

18

19

20

21

22

23

24

25

26

27

28

---

**MOTION FOR ORDER FOR SETTING OF SUPPLEMENTAL BAR DATE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11500 West Olympic Boulevard, Suite 400, Los Angeles, California  90064

A true and correct copy of the foregoing document entitled: **DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LBR 9013-1(o)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __02/17/2015__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __02/17/2015__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __02/17/2015__, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Richard Neiter, bin outside Courtroom 1645, 255 East Temple Street, Los Angeles, California  90012 (hand delivery by attorney service)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| __02/17/2015__ | __RICHARD T. BAUM__ | __/s/ Richard T. Baum__ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                                        Page 3                                **F 9013-1.2.NO.HEARING.DEC**

## LAKELAND DEVELOPMENT COMPANY

### *2:12-bk-25842 RN*

## TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Attorneys for Debtor Lakeland Development Company:
• Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
• Lawrence M Jacobson    lmj@gfjlawfirm.com

Attorneys for Secured Creditor 12345 Lakeland LLC:
• Lorie A Ball    LABall@rkmc.com
• Howard J Weg    HJWeg@rkmc.com

Attorney for Goodman Santa Fe Springs SPE LLC:
• Randy P Orlik    rorlik@coxcastle.com

Attorney for Ridgeline Energy Services (USA) Inc.:
• Louis E Kempinsky    lek@kempinskylaw.com

Attorney for the County of Los Angeles Treasurer/Tax Collector:
• Barry S Glaser    bglaser@swesq.com, erhee@swesq.com

Attorneys for Creditor Argo Partners:
• Matthew A Gold    courts@argopartners.net
• Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com;
vcorbin@winthropcouchot.com

Attorney for the City of Santa Fe Springs:
• Ronald E Ostrin    ron@ostrinlaw.com

Attorneys for Creditors Loeb & Loeb:
• Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
• Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com

Attorney for Regional Water Quality Control Board, Los Angeles Region; State Water
Resources Control Board:
• Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov,
gwen.blanchard@doj.ca.gov

Attorney for SoCal Developers, Michael Abbasfard:
• Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com

Attorney for Secured Creditor Iron Mountain:
• Joseph Corrigan    Bankruptcy2@ironmountain.com

Attorney for Creditor Seaport Group:
•Scott D Friedberg     sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com


Attorney for Creditors ACE Property and Casualty Insurance Company and Central
National Insurance Company of Omaha:
•Mark D Plevin     mplevin@crowell.com

Attorney for National Union Fire Insurance Company of Pittsburgh, PA:
•Stephen Wong     swong@spcclaw.com

Attorney for Creditor Smith, Gambrell & Russell:
•John G McCarthy     jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com

Attorneys for the Office of the United States Trustee:
•Kenneth G Lau     kenneth.g.lau@usdoj.gov
• United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov


**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**


By US Mail:


Special Notice:

Rafael Bernardino
Hobson Bernardino + Davis LLP
725 S Figueroa St, Ste 3230
Los Angeles, CA 90017

H. Henry Eshraghian
Expert Accounting & Tax Firm
112 W 9th St Ste 325
Los Angeles, CA 90015


The Seaport Group LLC Profit Sharing Plan
c/o The Seaport Group LLC
Attn: Scott Friedberg
360 Madison Ave 22nd Fl
New York, NY 10017