RICHARD T. BAUM
State Bar No. 80889
11500 West Olympic Boulevard
Suite 400
Los Angeles, California  90064-1525
Tel:    (310) 277-2040
Fax:    (310) 286-9525

LAWRENCE M. JACOBSON (SBN 100939)
GLICKFELD, FIELDS & JACOBSON LLP
9720 Wilshire Boulevard, Suite 700
Beverly Hills, California  90212
Telephone:  (310) 550-7222
Facsimile:  (310) 550-6222

Attorneys for Debtor and Debtor-in-Possession
LAKELAND DEVELOPMENT COMPANY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | No. 2:12-bk-25842 RN |
| LAKELAND DEVELOPMENT COMPANY, | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION WITH THE CITY OF SANTA FE SPRINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD T. BAUM AND MICHAEL EGNER** |
| | [Hearing Not Yet Scheduled – LBR 9013-1(o)(1)] |

**TO THE HONORABLE RICHARD M NEITER, UNITED STATES BANKRUPTCY JUDGE:**

Debtor and Debtor-in-Possession LAKELAND DEVELOPMENT COMPANY hereby

moves the Court, pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure, for

1  an Order Approving the Stipulation for Order Allowing Priority Unsecured Claim and Non-

2  Priority Unsecured Claim between debtor and debtor-in-possession LAKELAND

3  DEVELOPMENT COMPANY ("Lakeland" or "Debtor") and Creditor CITY OF SANTA FE

4  SPRINGS ("City").

5       The Stipulation contains the following material terms, among others:

6

7       **1. <u>Bankruptcy Court Approval</u>.**

8       The Stipulation is not binding unless this settlement is approved by the bankruptcy

9  Court.

10       **2. <u>Compromise of City of Santa Fe Springs' Claim and Payment by the</u>**

11  **<u>Debtor</u>**

12       Debtor and City entered into a Stipulation for an order allowing the unsecured claim

13  of City in the total of $404,492.33, of which $120,680.00 is allowed as an unsecured

14  priority claim under Bankruptcy Code §507(a)(8). Payment of the claim shall be made by

15  Debtor pursuant to the provision of the Chapter 11 Plan of Reorganization or as otherwise

16  approved by the Court. A true and correct copy of the Stipulation allowing City's unsecured

17  claim is attached as Exhibit 1.

18       The Stipulation is in the best interest of the bankruptcy estate and its

19  creditors, because (a) it resolves the claim of City against the Debtor, (b) provides a

20  settlement which is less than the amount claimed by City, and ( c) does not prejudice other

21  creditors nor provide particular benefit to the City.

22       This Motion is based upon the Motion, the attached Memorandum of Points and

23  Authorities, the Declarations of Richard T. Baum and Michael Egner, and such other and

24  further grounds as may be properly presented to the Court.

25       Your rights might be affected by this Motion.  You may want to consult an attorney.

26  The deadline to file a written response is 14 - 17 days from the date this notice is signed.

27  If you fail to timely file and serve a written response, the court may treat such failure as a

28

1   waiver of your right to oppose the Motion and may grant the requested relief.  You must

2   serve a copy of your opposition upon the Debtor, the Debtor's attorney, the United States

3   Trustee, and on the Judge pursuant to LBR 5005-2(d) and the Court Manual.

4        This Motion is filed by the Debtor pursuant to LBR 9013-1(o), which provides for

5   granting of motions without a hearing.  The full motion is attached, including the legal and

6   factual grounds upon which the Motion is made.  If you wish to oppose this Motion, you

7   must file a written response and request a hearing with the court and serve it as stated

8   above, no later than 14 days after the date stated on the Proof of Service of this Motion

9   plus 3 additional days if you were served by mail, electronically, or pursuant to FRCP Rule

10  5(b)(2)(D, (E) or (F).  Your opposition must comply with LBR 9013-1(f) and (o).

11

DATED:    February 20, 2015

12

13                                          LAW OFFICES OF RICHARD T. BAUM and
                                            GLICKFELD, FIELDS & JACOBSON

14

15                                          /s/ Richard T. Baum
                                            _____
16                                          RICHARD T. BAUM, Attorneys for Debtor-in-
                                            Possession LAKELAND DEVELOPMENT
17                                          COMPANY

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The settlement with the City of Santa Fe Springs ("City"), for which approval is sought by this motion, will allow the unsecured claim of City in the total amount of $404,492.33 of which $120,680.00 is allowed as an unsecured priority claim.

City filed a Proof of Claim in the amount of $425,662.33 (Claim No. 20) in this bankruptcy, of which priority is claimed for $120,680.00 as a tax or penalty owing to a governmental entity.  After reviewing that claim, the Debtor agreed that it has liability on the claim but contested the total amount. In order to resolve the dispute, the parties entered into a written stipulation.

Based thereupon Lakeland seeks approval of its compromise with City which reduces claims against the estate by over $20,000.

## II. STATEMENT OF FACTS

On May 4, 2012 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession, pursuant to 11 USC §§ 1107(a) and 1108. At the time of the filing of the Petition, the Debtor was the owner of 55 acres of land located in Santa Fe Springs, California ("Debtor's land").

On or about May 17, 2000, an action was filed in the Los Angeles Superior Court entitled People of the State of California, ex rel Edwin F. Lowry, Director, California Department of Toxic Substances Control and the City of Santa Fe Springs v Cenco Refining Company and Powerine Oil Company, Case No. BC 230 158.  The lawsuit was related to the contamination of Debtor's land.  Subsequently, Cenco Refining Company

1   changed its name to Lakeland Development Company.

2       In settlement of the claims of City, Debtor and City entered into a Stipulation for

3   Entry of Judgment as to Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action in

4   August 2001, which was subsequently approved by the Superior Court, and judgment was

5   entered on August 29, 2001.  A true and correct copy of that Stipulation for Entry of

6   Judgment is attached as Exhibit 2. That Stipulation provides that the Debtor agreed to pay

7   City the sum of $264,622.55 of which $120,680.00 is a civil penalty. The payment was due

8   upon the Debtor's obtaining financing for the property or 18 months from entry of judgment,

9   in which case one-half of the amount ($132,311.27) would be paid immediately and the

10   balance payable in equal monthly installments for 18 months.  Interest upon the

11   $264,622.55 begins to run 18 months after entry of judgment. $123,994.00 was paid to City

12   pre-petition, and another $95,577.01 was provided to City in services which City accepted.

13       On August 27, 2012, City filed a Proof of Claim in the amount of $425,662.13 (Claim

14   No. 20) in this bankruptcy, of which priority is claimed for $120,680.00 as a tax or penalty

15   owing to a governmental unit under <u>Bankruptcy Code</u> §507(a)(8).  The Debtor has

16   reviewed that claim, and agrees that it has liability on the claim, agrees that the amount

17   claimed as a priority debt is properly classified as priority and in the proper amount, but

18   disagrees with the computation of the total amount of the claim.  The Debtor believes that

19   City's computation of pre-petition interest upon the claim started one year earlier than it

20   should have under the Stipulation and Judgment, and that the true balance as of the

21   Petition Date is $404,492.33.

22       Debtor brought this to the attention of City which investigated. The Debtor and City

23   reached an agreement whereby City will have an allowed unsecured claim in the total

24   amount of $404,492.33 (over $20,000 less than originally claimed), of which $120,680.00

25   is allowed as a priority claim. Payment of the claim shall be made pursuant to the

26   provisions of the Chapter 11 Plan of Reorganization or as otherwise approved by the

27   Court.

28

1        In reaching the settlement with City, the Debtor and its management exercised its

2    business judgment that the settlement is in the best interest of the Debtor and its estate

3    because it reduces the amount due to City on its claim against the Debtor.

4

5        **III. THE AGREEMENT IS IN THE BEST INTEREST OF THE DEBTOR'S**

6    **ESTATE AND ITS UNSECURED CREDITORS AND, THEREFORE, SHOULD**

7    **BE APPROVED**

8

9        **1. Standards for Approval of Compromises of Claims.**

10       Federal Rule of Bankruptcy Procedure 9019(a) provides that on the trustee's motion

11   and after a hearing on notice to creditors, the debtor and indenture trustees, as provided

12   in Rule 2002(a), and such other entities as the Court may designate, the Court may

13   approve a compromises or settlement.

14       The Supreme Court in <u>Protective Committee for Independent Stock Holders of TNT</u>

15   <u>Trailer Fairy, Inc. v. Anderson</u>, 390 US 414, 425 (1968), held that a bankruptcy court, in

16   considering whether to approve a compromise, should apprise itself of all facts necessary

17   for an intelligent and objective opinion of the probabilities of ultimate success should the

18   claim be litigated. It also explained that the court should from an educated estimate of the

19   complexity, expense and likely duration of such litigation, the possibility of collection on any

20   judgement that might be obtained, and all other factors relevant to a full and fair

21   assessment of the wisdom of the proposed compromise. See also <u>In re A&C Properties</u>,

22   784 F 2d 1377, 1380-84 (9th Cir. 1986), cert. denied, 479 S Ct, 854 (1986). The Court need

23   not, however, conduct an exhaustive investigation into the validity of the claims to be

24   compromised nor is the Court is expected to conduct a mini-trial on the merits. <u>In re Walsh</u>

25   <u>Construction, Inc.</u>, 669 F 2d 1325, 1328 (9th Cir 1982).

26       The purpose of any compromise agreement is to allow the trustee and the creditors

27   to avoid the expenses and burdens associated with litigating sharply contested and

28

1  dubious claims. In re Walsh Construction, Inc., 669 F 2d 1325, 1328 (9th Cir. 1982) (citing

2  In re California Associated Products, 183 F 2d 946, 949-50 (9th Cir. 1950)). The law favors

3  compromise and not litigation for its own sake. In re Blair, 538 F2d 849, 851 (9th Cir. 1976).

4      Consistent with these Bankruptcy Act cases, the Ninth Circuit in In re A&C

5  Properties, 784 F2d 1377, 1381 (9th Cir. 1986) reiterated that in determining the fairness,

6  reasonableness and adequacy of a proposed settlement agreement, a court should

7  consider: (1) the probability of success in litigation, (2) the difficulties, if any, to be

8  encountered in the matter of collection, (3) the complexity of the litigation involved and the

9  expense, inconvenience and delay necessarily attending it, and (4) the paramount interest

10 of the creditors and the proper deference to their reasonable views.  Consideration of these

11 factors does not require the Court to decide questions of law and fact in the parties'

12 dispute, or to determine that the settlement is the best possible resolution; instead the

13 Court needs only determine whether the settlement falls below the lowest point of the

14 range of reasonableness. In re Schmitt, 215 BR 417, 423 (Bankr 9th Cir. 1997).

15

16 **2.  The Agreement Should Be Approved Under Bankruptcy Rule 9019**

17

18      Applying the above standards to the circumstances herein, the Agreement

19 should be approved.

20

21      a) Parties entered into a Stipulation

22      City filed a Proof of Claim in the amount of $425,662.33 (Claim No. 20) of which

23 priority is claimed for $120,680.00 as a tax or penalty owing to a governmental entity.  The

24 Debtor agreed that the amount claimed as a priority debt was properly classified as priority

25 and in the proper amount, but disagreed with the computation of the total amount of the

26 claim. The Debtor notified City, which after investigation realized that its calculation was

27 in fact incorrect. In order to resolve this dispute, the parties entered into a stipulation which

28

1  specified that the total amount of the claim is $404,492.33 of which $120,680.00 is allowed

2  as an unsecured priority claim. This is a reduction of over $20,000.

3

4              b) The Probability of Collection

5       Since City has asserted its claim against the Debtor, the prospect of collection is

6  based more upon the Debtor's ability to pay. The Debtor will pay pursuant to the provisions

7  of the Chapter 11 Plan of Reorganization or as otherwise approved by the Court.

8

9              c) The Agreement Benefits The Paramount Interests of Creditors

10      If this agreement is approved, it will benefit creditors by paying City $20,000 less

11  than the amount of its $425,662.13 proof of claim initially filed, thus freeing up more funds

12  to pay other creditors. Moreover, the money that will be paid to City will be pro-rata with

13  other priority and non-priority unsecured creditors. It eliminates the costs of a contested

14  matter, it eases burdens upon the estate and moves it closer to consummation of its

15  reorganization.

16

17  **3. CONCLUSION**

18

19      For the foregoing reasons, the Debtor respectfully requests that the Court approve

20  the proposed Settlement Agreement as a proper compromise under FRBP Rule 9019, and

21  grant such further relief as the Court deems just and proper.

22

23  DATED:   February 20, 2015

                        LAW OFFICES OF RICHARD T. BAUM and
24                      GLICKFELD, FIELDS & JACOBSON

25

                        /s/ Richard T. Baum
26
                        _____
27                      RICHARD T. BAUM, Attorneys for Debtor-in-
                        Possession LAKELAND DEVELOPMENT
                        COMPANY
28

DECLARATION OF MICHAEL EGNER

I, MICHAEL EGNER, declare:

1. I am the Chief Financial Officer of the Debtor which is a Delaware corporation. Along with Vincent Papa, I am responsible for the management of the Debtor in this Bankruptcy case. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness I could testify competently thereto.

2. I have read the attached declaration of Richard T. Baum wherein he sets forth the facts in connection therewith, and I incorporate those facts herein as though they were set forth by me, and I specifically attest that those facts are true and correct. The facts underlying the City of Santa Fe Springs ("City") dispute are as follows:

3. On or about May 17, 2000, an action was filed in the Los Angeles Superior Court entitled <u>People of the State of California, ex rel Edwin F. Lowry, Director, California Department of Toxic Substances Control and the City of Santa Fe Springs v Cenco Refining Company and Powerine Oil Company</u>, Case No. BC 230 158. The lawsuit was related to the land sold by the Debtor in this bankruptcy and the contamination therein.

4. In settlement of the claims of City, Debtor and City entered into a Stipulation for Entry of Judgment, in August 2001, which was subsequently approved by the Superior Court, and judgment was entered on August 29, 2001. A true and correct copy of the Stipulation for Entry of Judgment is attached as Exhibit 2. That Stipulation provided, that the Debtor agreed to pay City the sum of $264,622.55 of which $120,680.00 is a civil penalty. The payment was due upon the Debtor's obtaining financing for the property or 18 months from entry of judgment, in which case one-half of the amount ($132,311.27) would be paid immediately and the balance payable in equal monthly installments for 18 months. Interest upon the $264,622.55 began to run 18 months after entry of judgment. $123,994.00 was paid to City pre-petition, and another $95,577.01 was provided to City in

1  services which City accepted

2      5.  On August 27, 2012, City filed a Proof of Claim in the amount of $425,662.13

3  (Claim No. 20) in this bankruptcy, of which priority is claimed for $120,680.00 as a tax or

4  penalty owing to a governmental unit under Bankruptcy Code §507(a)(8).

5      6. I reviewed that claim, and agreed that the amount claimed as a priority debt was

6  properly classified as priority and in the proper amount, but the computation of the total

7  amount of the claim was incorrect. I noticed that City's computation of pre-petition interest

8  upon the claim started one year earlier than it should have under the Stipulation and

9  Judgment, and that the true balance as of the Petition Date is $404,492.33.

10     7. I brought that mistake to the attention of Debtor's counsel, Richard T. Baum who

11  began the negotiation process with City's counsel, Ronald E. Ostrin. Baum later drafted the

12  Stipulation and City agreed to the terms of that Stipulation.

13     8. The Stipulation, and each of the terms thereof, were agreed upon by the united

14  decision of the officers and directors of the Debtor, and represents the business judgment

15  of the Debtor that the stipulation is in the best interests of the Debtor for all of the reasons

16  set forth above. A true and correct copy of the Stipulation allowing City's unsecured claim

17  is attached as Exhibit 1.

18     15. I have read and reviewed the facts stated in the Declaration of Richard T. Baum

19  and the Memorandum of Points and Authorities above and attest to the best of my

20  knowledge that these facts are true and correct.

21

22     I declare under penalty of perjury under the laws of the United States of America

23  that the foregoing is true and correct. Executed this 20'' day of February 2015 at Santa

24  Fe Springs, California.

25

26                                         MICHAEL EGNER

27

28

# DECLARATION OF RICHARD T. BAUM

I, RICHARD T. BAUM, declare:

1. I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States Courts for the Central District of California. Along with Lawrence M. Jacobson, I have been primarily responsible for representing Lakeland in this bankruptcy case. I have personal knowledge of the facts set forth in this declaration and if called as a witness I could testify competently thereto.

2. I represented Debtor in connection with the dispute involving the City of Santa Fe Springs ("City") related to its Proof of Claim filed against Lakeland Development Company ("Debtor"). Based upon that representation, I am able to provide some of the background information stated herein.

3. On or about May 17, 2000, an action was filed in the Los Angeles Superior Court entitled People of the State of California, ex rel Edwin F. Lowry, Director, California Department of Toxic Substances Control and the City of Santa Fe Springs v Cenco Refining Company and Powerine Oil Company, Case No. BC 230 158. The lawsuit was related to the land sold by the Debtor in this bankruptcy and the contamination therein.

4. In settlement of the claims of City, Debtor and City entered into a Stipulation for Entry of Judgment, in August 2001, which was subsequently approved by the Superior Court, and judgment was entered on August 29, 2001. A true and correct copy of the Stipulation for Entry of Judgment is attached as Exhibit 2. That Stipulation provided, that the Debtor agreed to pay City the sum of $264,622.55 of which $120,680.00 is a civil penalty. The payment was due upon the Debtor's obtaining financing for the property or 18 months from entry of judgment, in which case one-half of the amount ($132,311.27) would be paid immediately and the balance payable in equal monthly installments for 18 months. Interest upon the $264,622.55 began to run 18 months after entry of judgment. $123,994.00 was

1 | paid to City pre-petition, and another $95,577.01 was provided to City in services which City

2 | accepted

3 |     5. On August 27, 2012, City filed a Proof of Claim in the amount of $425,662.13

4 | (Claim No. 20) in this bankruptcy, of which priority is claimed for $120,680.00 as a tax or

5 | penalty owing to a governmental unit under <u>Bankruptcy Code</u> §507(a)(8). The Debtor's

6 | Chief Financial Officer, Michael Egner reviewed that claim, and agreed that the amount

7 | claimed as a priority debt was properly classified as priority and in the proper amount, but

8 | disagreed with the computation of the total amount of the claim. Michael Egner noticed that

9 | City's computation of pre-petition interest upon the claim started one year earlier than it

10 | should have under the Stipulation and Judgment, and that the true balance as of the

11 | Petition Date is $404,492.33.

12 |     6. I brought the discrepancy to the attention of City's counsel, Ronald E. Ostrin. City

13 | then undertook investigation, the results of which showed that Debtor's position was correct.

14 | The City Council of Santa Fe Springs considered the matter on February 12, 2015 and

15 | authorized the execution of the Stipulation into which the parties entered, by the City

16 | Attorney of the City of Santa Fe Springs. A true and correct copy of the Stipulation allowing

17 | City's unsecured claim is attached as Exhibit 1.

18 |

19 |     I declare under penalty of perjury under the laws of the United States of America that

20 | the foregoing is true and correct. Executed this 20th day of February 2015, at Los Angeles,

21 | California.

22 |     /s/Richard T. Baum

23 |     RICHARD T. BAUM

24 |

25 |

26 |

27 |

28 |

# EXHIBIT 1

RICHARD T. BAUM
State Bar No. 80889
11500 West Olympic Boulevard
Suite 400
Los Angeles, California  90064
Tel:    (310) 277-2040
Fax:    (310) 286-9525

LAWRENCE M. JACOBSON (SBN 100939)
GLICKFELD, FIELDS & JACOBSON LLP
9720 Wilshire Boulevard, Suite 700
Beverly Hills, California  90212
Telephone:  (310) 550-7222
Facsimile:  (310) 550-6222

Attorneys for Debtor
LAKELAND DEVELOPMENT COMPANY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | No. 2:12-bk-25842 RN |
| LAKELAND DEVELOPMENT COMPANY, | Chapter 11 |
| Debtor. | **STIPULATION FOR ORDER ALLOWING PRIORITY UNSECURED CLAIM AND NON-PRIORITY UNSECURED CLAIM OF THE CITY OF SANTA FE SPRINGS** |

[No hearing set]

Debtor-in-Possession LAKELAND DEVELOPMENT COMPANY ("Lakeland" or "Debtor") and Creditor CITY OF SANTA FE SPRINGS ("City") enter into this Stipulation in connection with the following facts:

1.  This Chapter 11 case was filed on May 4, 2012.

2.  On or about May 17, 2000, an action was filed in the Los Angeles Superior Court entitled <u>People of the State of California, ex rel Edwin F. Lowry, Director, California</u>

1  Department of Toxic Substances Control and the City of Santa Fe Springs v Cenco

2  Refining Company and Powerine Oil Company, Case No. BC 230 158. The lawsuit related

3  to the land sold by the Debtor in this bankruptcy and the contamination therein.

4  Subsequently, Cenco Refining Company changed its name to Lakeland Development

5  Company.

6      3. In settlement of the claims of City, Debtor and City entered into a Stipulation for

7  Entry of Judgment as to Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action in

8  August 2001, and which was subsequently approved by the Superior Court, and judgment

9  was entered on August 29, 2001. A true copy of that Stipulation is attached as Exhibit 1.

10  That Stipulation provides, in Paragraph X.A. that the Debtor agreed to pay City the sum of

11  $264,622.55 of which $120,680.00 is a civil penalty.  The payment was due upon the

12  Debtor's obtaining financing for the property or 18 months from entry of judgment, in which

13  case one-half of the amount ($132,311.27) would be paid immediately and the balance

14  payable in equal monthly installments for 18 months.  Interest upon the $264,622.55

15  begins to run 18 months after entry of judgment. $123,994.00 was paid to City pre-petition,

16  and another $95,577.01 was provided to City in services which City accepted.

17      4. On August 27, 2012, City filed a Proof of Claim in the amount of $425,662.13

18  (Claim No. 20) in this bankruptcy, of which priority is claimed for $120,680.00 as a tax or

19  penalty owing to a governmental unit under Bankruptcy Code §507(a)(8). The Debtor has

20  reviewed that claim, and agrees that it has liability on the claim, agrees that the amount

21  claimed as a priority debt is properly classified as priority and in the proper amount, but

22  disagrees with the computation of the total amount of the claim. The Debtor believes that

23  City's computation of pre-petition interest upon the claim started one year earlier than it

24  should have under the Stipulation and Judgment, and that the true balance as of the

25  Petition Date is $404,492.33..

26      5. Debtor notified City of this contention which then undertook an investigation, the

27  results of which showed that Debtor's position was correct.

28

6. In order to resolve this dispute, the parties have agreed to enter into a stipulation for an order allowing the unsecured claim of City in the total amount of $404,492.33, of which $120,680.00 is allowed as a priority claim under <u>Bankruptcy Code</u> §507(a)(8). Payment of the claim shall be made pursuant to the provisions of the Chapter 11 Plan of Reorganization or as otherwise approved by the Court.

7. Prior to the execution of this Stipulation by City, the City Council of Santa Fe Springs considered the matter on February 12, 2015 and authorized the execution of this Stipulation by the City Attorney of the City of Santa Fe Springs.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and between Debtor-in-Possession LAKELAND DEVELOPMENT COMPANY and Creditor CITY OF SANTA FE SPRINGS that the Court may enter its order as follows:

1. City shall have an allowed unsecured claim having priority under <u>Bankruptcy Code</u> §507(a)(8) against the Debtor's estate in the amount of $120,680.00.

2. The balance of the City's claim shall be allowed as an unsecured claim not having priority in the amount of $283,812.33.

3. No payment shall be made upon the claims except pursuant to a confirmed Chapter 11 plan of reorganization, conversion of the case to Chapter 7 and payment by the Chapter 7 Trustee, or upon further order of this court.

DATED: February 12, 2015        LAW OFFICES of RICHARD T. BAUM and
                                        GLICKFIELD FIELDS & JACOBSON LLC

*/s/ Richard T. Baum*
_____
RICHARD T. BAUM, Attorney for Debtor
LAKELAND DEVELOPMENT COMPANY

DATED:  February 12, 2015       CITY OF SANTA FE SPRINGS

_____
STEVEN N. SKOLNIK, City Attorney of CITY
OF SANTA FE SPRINGS, Creditor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525

A true and correct copy of the foregoing document described as **STIPULATION FOR ORDER ALLOWING PRIORITY UNSECURED CLAIM AND NON-PRIORITY UNSECURED CLAIM OF THE CITY OF SANTA FE SPRINGS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 12, 2015  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate <u>method</u> <u>for</u> <u>each</u> <u>person</u> <u>or</u> <u>entity</u> <u>served</u>): On February 12, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will</u> <u>be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate <u>method</u> <u>for</u> <u>each</u> <u>person</u> <u>or</u> <u>entity</u> <u>served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 12, 2015 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will</u> <u>be</u> completed no later than 24 hours after the document is filed.

Judge Richard Neiter, bin outside courtroom 1645, 255 East Temple Street, Los Angeles, California 90012 (hand delivered by attorney service)
☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 12, 2015 | Richard T. Baum | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**

# LAKELAND DEVELOPMENT COMPANY

## *2:12-bk-25842 RN*

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Attorneys for Debtor Lakeland Development Company:
•Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
•Lawrence M Jacobson    lmj@gfjlawfirm.com

Attorneys for Secured Creditor 12345 Lakeland LLC:
•Lorie A Ball    LABall@rkmc.com
•Howard J Weg    HJWeg@rkmc.com

Attorney for Goodman Santa Fe Springs SPE LLC:
•Randy P Orlik    rorlik@coxcastle.com

Attorney for Ridgeline Energy Services (USA) Inc.:
•Louis E Kempinsky    lek@kempinskylaw.com

Attorney for the County of Los Angeles Treasurer/Tax Collector:
•Barry S Glaser    bglaser@swesq.com, erhee@swesq.com

Attorneys for Creditor Argo Partners:
•Matthew A Gold    courts@argopartners.net
•Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com; vcorbin@winthropcouchot.com

Attorney for the City of Santa Fe Springs:
•Ronald E Ostrin    ron@ostrinlaw.com

Attorneys for Creditors Loeb & Loeb:
•Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
•Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com

Attorney for Regional Water Quality Control Board, Los Angeles Region; State Water Resources Control Board:
•Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov, gwen.blanchard@doj.ca.gov

Attorney for SoCal Developers, Michael Abbasfard:
•Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com

Attorney for Secured Creditor Iron Mountain:
•Joseph Corrigan    Bankruptcy2@ironmountain.com

Attorney for Creditor Seaport Group:
•Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com

Attorney for Creditors ACE Property and Casualty Insurance Company and Central National Ins Company of Omaha:
•Mark D Plevin    mplevin@crowell.com

Attorney for National Union Fire Insurance Company of Pittsburgh, PA:
•Stephen Wong    swong@spcclaw.com

Attorney for Creditor Smith, Gambrell & Russell:
•John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com

---

**STIPULATION FOR ALLOWANCE OF CLAIM**

- 5 -

1 | Attorneys for the Office of the United States Trustee:
•Kenneth G Lau    kenneth.g.lau@usdoj.gov
2 | • United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

3 |

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**
4 |

By US Mail:
5 |

Special Notice:
6 |

Rafael Bernardino
7 | Hobson Bernardino + Davis LLP
725 S Figueroa St, Ste 3230
8 | Los Angeles, CA 90017

9 | H. Henry Eshraghian
Expert Accounting & Tax Firm
10 | 112 W 9th St Ste 325
Los Angeles, CA 90015

11 |

The Seaport Group LLC Profit Sharing Plan
12 | c/o The Seaport Group LLC
Attn: Scott Friedberg
13 | 360 Madison Ave 22nd Fl
New York, NY 10017

---

STIPULATION FOR ALLOWANCE OF CLAIM

# EXHIBIT 2

1  STEVEN N. SKOLNIK (State Bar No. 89086)
   **CITY ATTORNEY**
2  2800 28th Street, Suite 315
   Santa Monica, California 90405
3  Telephone: (310) 399-5084

4  COLIN LENNARD (State Bar No. 42304)
   PATRICIA J. CHEN (State Bar No. 197719)
5  **FULBRIGHT & JAWORSKI L.L.P.**
   Special Counsel
6  865 South Figueroa Street, 29th Floor
   Los Angeles, California 90017-2576
7  Telephone: (213) 892-9200
   Facsimile: (213) 680-4518

8
   Attorneys for CITY OF SANTA FE SPRINGS
9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                    FOR THE COUNTY OF LOS ANGELES
11
   PEOPLE OF THE STATE OF CALIFORNIA, ex    )  Case No. BC 230158
12 rel. Edwin F. Lowry, Director, California       )  (Related Cases VC 029214 and VC
   Department of Toxic Substances Control and City )  031799)
13 of Santa Fe Springs.,                        )
                                                )  **STIPULATION FOR ENTRY OF**
14         Plaintiff,                           )  **JUDGMENT AS TO FOURTH,**
                                                )  **FIFTH, SIXTH, SEVENTH, AND**
15 vs.                                          )  **EIGHTH CAUSES OF ACTION**
                                                )
16                                              )  Date:  August 29, 2001
   CENCO REFINING COMPANY, a Delaware         )  Time:  10:00 a.m.
17 Corporation, POWERINE OIL COMPANY, a        )  Department: D
   California Corporation and DOES 1-10,        )
18                                              )
                                                )
19 _____     )

20

21

22 I.    PARTIES

23        This Stipulation for Entry of Judgment ("Stipulation") is entered into between Plaintiff

24 People of the State of California ex rel. City of Santa Fe Springs (the "City") and Defendants

25 CENCO Refining Company and Powerine Oil Company (collectively "CENCO" or

26 "Defendants").

27

28

DOCUMENT
PREPARED ON
RECYCLED
PAPER

## II.   INTRODUCTION

On September 28, 1999, the Santa Fe Springs Fire Department, which is a Certified Unified Program Agency ("CUPA") pursuant to Health and Safety Code Section 25404(a)(1)(c), performed a routine inspection of CENCO's refinery facility at 12345 Lakeland Road, Santa Fe Springs, California (the "Refinery" or "Facility"). During this inspection, the CUPA discovered approximately 1600 drums being stored at the Facility as well as three soil piles. Many of the drums were in poor condition and/or were not properly labeled and it appeared that a few drums had leaked. The CUPA suspected that some of the drums contained hazardous wastes and therefore conducted an investigation of the site. The CUPA retained a consultant to sample the drums and soil piles to characterize the materials.

During the CUPA's investigation, the California Department of Toxic Substances Control ("DTSC") was performing its own investigation of the materials in certain above-ground storage tanks ("ASTs") at the Facility. On May 17, 2000, the City and Edwin F. Lowry, Director of DTSC, on behalf of the People of the State of California filed a complaint seeking declaratory and injunctive relief against Defendants and DOES 1 through 10 (the "Complaint"). The Complaint alleged numerous violations of the California's hazardous waste laws and regulations with regard to the drums, soil piles, and ASTs at the Refinery.

## III.   COMPLAINT

The Complaint alleges that Defendants violated provisions of the Hazardous Waste Control Law ("HWCL"), Heath and Safety Code §§ 25100 et seq., and HWCL regulations, Section 66000 et seq. of Title 22, California Code of Regulations, and seeks certain corrective action, administrative and enforcement costs, and civil penalties. The First through Third Causes of Action are brought by DTSC, whereas the Fourth through Eighth Causes of Action are brought by both DTSC and the City. This Stipulation addresses only the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action. This Stipulation has no impact on the First through Third Causes of Action which are still outstanding and will be resolved between DTSC and CENCO. A copy of the Complaint is attached hereto as Exhibit A.

DOCUMENT
PREPARED ON
RECYCLED
PAPER

IV.   JURISDICTION

The parties agree that this Court has jurisdiction over this action pursuant to the California Constitution, Article 6, section 10.  Venue is proper in this Court under California Health and Safety Code Section 25183.  Defendants consent to and shall not challenge entry of this Judgment or this Court's jurisdiction to enter, enforce, modify or terminate this Judgment.

V.    SETTLEMENT OF DISPUTED CLAIMS

The parties agree that, and the Court by entering this Judgment finds that, settlement of the Fourth through Eighth Causes of Action as alleged in the Complaint is in the public interest and that entry of this Judgment pursuant to California Code of Procedure Section 664.6 without further litigation is the most appropriate way to resolve this action.  The parties agree that this Stipulation represents a fair and reasonable settlement of the Fourth through Eighth Causes of Action in the Complaint.  The parties further agree that by stipulating to this Judgment, Defendants do not admit any liability with respect to any of the allegations in the Complaint.

VI.   FINDINGS

The CUPA's investigation resulted in a Final Inspection Report ("Final Report") which it issued to CENCO on September 15, 2000, attached hereto as Exhibit B.  Prior to the Final Report the CUPA issued a draft inspection report which CENCO had the opportunity to comment on. The CUPA and CENCO had meetings to resolve factual issues contained in the draft report and the CUPA amended the draft report in response to issues raised by CENCO.  For the purposes of this settlement only, Defendants hereby agree to the factual findings contained in the Final Report.

VII.  REPRESENTATIONS

A.   Disposal of Drums:  CENCO certifies that it has disposed of all drums subject to the Complaint, except for drums containing product or non-hazardous waste, in compliance with the HWCL.

B.   Disposal of Contaminated Soil:  CENCO certifies that it has removed portions of the soil that contained elevated levels of heavy metals as specified in a report prepared by Versar. Inc., attached hereto as Appendix IX of Exhibit B.  The remaining soil shall either be used as fill

DOCUMENT
PREPARED ON
RECYCLED
PAPER

3

1   beneath asphalt pavement or disposed of in accordance with applicable law. Prior to using the

2   soil as fill, CENCO agrees to demonstrate that the soil does not pose a significant health hazard

3   by performing a human health screening risk assessment based on the data CENCO has

4   submitted to the CUPA prior to the date of this Stipulation. Prior to performing the risk

5   assessment, CENCO shall provide the CUPA, for its approval, a list of assumptions and

6   parameters (e.g. where the soil will be used, length of project, exposure time for workers and/or

7   public, etc.) which will be relied upon in the risk assessment. CENCO shall provide the risk

8   assessment (or notice of disposal of the soil) to the CUPA at least 10 days before the soil is

9   moved from its present location. CENCO further agrees to comply with all requirements set forth

10  by the Regional Water Quality Control Board.

11  VIII.   ENTRY OF JUDGMENT

12          By signing this Stipulation, the City and Defendants request that the Court enter

13  Judgment in this case on the Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action, as set

14  forth in the [Proposed] Judgment Pursuant to Stipulation ("Consent Judgment").

15  IX.   INJUNCTIVE PROVISIONS

16          A.      Generated Waste:  CENCO agrees that it shall store all hazardous wastes that it

17  generates in a safe and orderly fashion in compliance with Title 22, California Code of

18  Regulations, section 66262.10(g) and 66262.34. CENCO further agrees to perform hazardous

19  waste determinations pursuant to Title 22, California Code of Regulations, section 66262.11.

20          B.      Storage of Hazardous Waste:  CENCO shall not store hazardous waste for more

21  than 90 days unless it obtains a permit from DTSC or obtains an extension pursuant to Title 22,

22  California Code of Regulations, section 66262.34(c).

23          C.      Fire Prevention:  CENCO agrees that at all times it shall remain in compliance the

24  current Uniform Fire Code.

25          D.      Aisle Space:  CENCO agrees that it shall maintain adequate aisle space and other

26  access as required by Title 22, California Code of Regulations, section 66265.35 and that in all

27  hazardous waste drum storage areas CENCO shall maintain aisle spaces of not less than 30

28  inches.

DOCUMENT
PREPARED ON
RECYCLED
PAPER

4

1    E.    Separation of Incompatible Wastes: CENCO agrees that it shall comply with

2  Title 22, California Code of Regulations, section 66265.177(c).

3    F.    Weekly Inspections: CENCO agrees that it shall perform weekly inspections in

4  compliance with Title 22, California Code of Regulations, section 66265.174.

5    G.    Personnel Training: CENCO agrees that it shall implement personnel training in

6  compliance with Title 22, California Code of Regulations, section 66265.16.

7    H.    Excluded Tanks: the above ground storage tanks including Tanks #5516, 96109,

8  96110, 10006 and 27105 which are the subject of the First through Third Causes of Action in the

9  Complaint are not subject to the injunctive provisions in this section. DTSC will resolve the

10  issues surrounding these tanks with CENCO.

11  **X.    CIVIL PENALTY AND REIMBURSEMENT OF COSTS**

12    A.    Defendants agree to pay the City $264,622.55 ("Settlement Amount"), of which

13  $143,942.55 is reimbursement for administrative costs the City has incurred in this matter since

14  September 1999, and $120,680 is a civil penalty. The Settlement Amount shall be paid within

15  30 days of CENCO receiving financing. For the purposes of this Stipulation and Judgment,

16  "financing" shall mean the obtaining of funds from any financial institution or private entity

17  which funds are to be used for the construction and/or operation of the Refinery. If CENCO has

18  not obtained financing within 18 months of the entry of this Judgment, CENCO agrees to

19  immediately pay the City one-half of the Settlement Amount ($132,311.27). Thereafter, on the

20  last day of each successive month, CENCO shall pay the remaining balance in equal monthly

21  installments, for 18 months, including interest at an annual percentage rate of 8 percent. Interest

22  shall begin to accrue immediately following the 18 months after entry of this Judgment.

23    B.    Defendants shall make its payment by cashier's check, payable to "City of Santa

24  Fe Springs," and shall include on the face of such check the title and case number of this

25  proceeding. Defendants shall send payment by certified mail or overnight mail or deliver it by

26  hand to:

27      Cashier
        City of Santa Fe Springs
28      Accounting Department

DOCUMENT
PREPARED ON
RECYCLED
PAPER

5

1    P.O. Box 2120
     11710 East Telegraph Road
2    Santa Fe Springs, CA 90670

3
Copies of the check shall be mailed to:
4
     Steven Skolnik, Esq.
5    2800 28th Street, Suite 315
     Santa Monica, CA 90405
6

7    Colin Lennard, Esq.
     865 S. Figueroa Street
8    29th Floor
     Los Angeles, CA 90017
9    and

10
     Chief Neal Welland
11   Santa Fe Springs Fire Department
     11300 Greenstone Avenue
12   Santa Fe Springs, CA 90670

13   If Defendants fail to make the payment within 30 days of receiving financing, Defendants shall

14   pay a further penalty of $500 per day in addition to the Settlement Amount for each day

15   Defendants fail to pay the Settlement Amount after it is due.

16        C.      The method of payment set forth in Paragraph VII.A. may be modified by written

17   agreement, signed by the City and CENCO.  However, the Settlement Amount, $264,622.55,

18   shall not be modified.

19        D.      Defendants agree that in the event that CENCO transfers ownership of the entire

20   Facility whereby CENCO receives funds as a result of said transfer, CENCO shall pay the City

21   the entire Settlement Amount from the proceeds of the transfer as soon as the funds are available

22   to CENCO (i.e., at the close of escrow).  In any event, the transfer of ownership or operational

23   control of the facility shall not relieve Defendants of their obligations under Section X of this

24   Stipulation.

25   XI.    COVENANT NOT TO SUE BY DEFENDANTS

26        Defendants hereby release the City, their employees, representatives, and agents from any

27   and all liability, in their official or personal capacity, arising from or relating to this litigation or

28   any inspection, enforcement or permitting activity, or other regulatory action relating to this

DOCUMENT
PREPARED ON
RECYCLED
PAPER

6

1  litigation.  Defendants further covenant not to sue or assert any claims or causes of action against

2  the City, their employees, representatives, and agents from any and all liability, in their official

3  or personal capacity, arising from or relating to this litigation or any inspection, enforcement or

4  permitting activity, or other regulatory action relating to this litigation.

5  **XII.   SCOPE OF SETTLEMENT**

6        A.    This Stipulation settles only those matters specifically alleged in the Fourth, Fifth,

7  Sixth, Seventh, and Eighth Causes of Action in the Complaint.  Nothing in this Stipulation shall

8  constitute or be construed as a satisfaction or release from liability for any other allegations of

9  the Complaint or for any other claims. Nothing in this Stipulation shall constitute or be construed

10  as a satisfaction or release from liability for any violations of law outside the HWCL.

11        B.    Except as expressly provided in this Stipulation, nothing in this Stipulation is

12  intended, nor shall it be construed to preclude the City or any governmental agency, department,

13  board or entity from exercising its authority under any law, statute or regulation.

14  **XIII.  LIABILITY**

15        The City shall not be liable for any injury or damage to persons or property resulting

16  from acts or omissions by Defendants or their directors, officers, employees, agents,

17  representatives or contractors in carrying out activities pursuant to this Stipulation.  The City

18  shall not be held as a party to or guarantor of any contract entered into by Defendants or their

19  directors, officers, employees, agents, representatives or contractors in carrying out activities

20  pursuant to this Stipulation.

21  **XIV.  DISMISSAL OF COMPLAINT**

22        Upon entry of the Judgment, the City shall dismiss the Fourth, Fifth, Sixth, Seventh, and

23  Eighth Causes of Action of the Complaint with prejudice.

24

25

26

27

28

DOCUMENT
PREPARED ON
RECYCLED
PAPER

7

1   **XV.   MODIFICATION**

2      This Stipulation may be modified upon written approval of the parties hereto and the

3   court.

4   **XVI.   SATISFACTION OF JUDGMENT**

5      The City shall comply with section 724.030 of the Code of Civil Procedure.

6   **XVII.   APPLICATION OF STIPULATION**

7      This Stipulation shall apply to and be binding upon the City and Defendants and all

8   agents and successors and assigns of either of them.

9   **XVIII. AUTHORITY TO ENTER STIPULATION**

10     Each signatory to this Stipulation certifies that she or he is fully authorized by the party

11  or parties she or he represents to enter into this Stipulation, to execute it on behalf of the party or

12  parties represented, and legally to bind such party or parties.

13  **XIX. INTEGRATION**

14     This Stipulation constitutes the entire agreement among the parties and may not be

15  amended or supplemented except as provided for in the Stipulation.

16  **XX. EFFECTIVE DATE**

17     This Stipulation may be executed in two or more counterparts, each of which shall be

18  deemed an original, but all of which together shall constitute one and the same instrument.  This

19  Stipulation shall become effective on the date on which the City signs this Stipulation.

20  ///

21

22

23

24

25

26

27

28

DOCUMENT
PREPARED ON
RECYCLED
PAPER

1  XXI. **EQUAL AUTHORSHIP**

2       This Stipulation shall be deemed to have been drafted equally by all parties hereto.

3  IT IS SO STIPULATED

4

5  For Plaintiff People of the State of California ex rel. City of Santa Fe Springs

6

7  Dated: _____          _____
                                         City of Santa Fe Springs
8

9  APPROVED AS TO FORM:

10                                       FULBRIGHT & JAWORSKI L.L.P.

11

12

13  Dated:_____          _____
                                         Colin Lennard
14                                       Attorneys for City of Santa Fe Springs

15

    For Defendants CENCO Refining Company and Powerine Oil Company
16

17

18  Dated:_____          _____
                                         CENCO Refining Co.
19

20  Dated: _8-24-01_____          _____
                                         Powerine Oil Company
21

22  APPROVED AS TO FORM:

23                                       PILLSBURY WINTHROP

24

25

26  Dated:_____          _____
                                         Margaret Rosegay
27                                       Attorneys for CENCO Refining Company
                                         and Powerine Oil Company
28

DOCUMENT
PREPARED ON
RECYCLED
PAPER

                              9

#35001422v13              STIPULATION FOR ENTRY OF JUDGMENT

1   **XXI. EQUAL AUTHORSHIP**

2       This Stipulation shall be deemed to have been drafted equally by all parties hereto.

3   IT IS SO STIPULATED

4

5   For Plaintiff People of the State of California ex rel. City of Santa Fe Springs

6

7   Dated: _____

8                           City of Santa Fe Springs

9   APPROVED AS TO FORM:

10                       FULBRIGHT & JAWORSKI L.L.P.

11

12   Dated: _____

13                           Colin Lennard
14                           Attorneys for City of Santa Fe Springs

15

16   For Defendants CENCO Refining Company and Powerine Oil Company

17   Dated: 8/28/01

18                           CENCO Refining Co.

19

20   Dated: 8-24-01

21                           Powerine Oil Company

22   APPROVED AS TO FORM:

23                       PILLSBURY WINTHROP

24

25   Dated: _____

26                           Margaret Rosegay
27                           Attorneys for CENCO Refining Company
28                           and Powerine Oil Company

DOCUMENT
PREPARED ON
RECYCLED
PAPER

#35001422v13           STIPULATION FOR ENTRY OF JUDGMENT

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 11500 West Olympic Boulevard, Suite 400, Los Angeles, California 90064-1525.

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING STIPULATION WITH THE CITY OF SANTA FE SPRINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF RICHARD T. BAUM AND MICHAEL EGNER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 20, 2015   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On February 20, 2015, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 20, 2015 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Judge Richard Neiter, bin outside courtroom 1645, 255 East Temple Street, Los Angeles, California 90012 (hand delivered by attorney service)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 20, 2015 | Richard T. Baum | /s/ Richard T. Baum |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                      **F 9013-3.1**

1

**LAKELAND DEVELOPMENT COMPANY**

2

*2:12-bk-25842 RN*

3

4

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Attorneys for Debtor Lakeland Development Company:

5

•Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com

•Lawrence M Jacobson    lmj@gfjlawfirm.com

6

Attorneys for Secured Creditor 12345 Lakeland LLC:

7

•Lorie A Ball    LABall@rkmc.com

•Howard J Weg    HJWeg@rkmc.com

8

Attorney for Goodman Santa Fe Springs SPE LLC:

9

•Randy P Orlik    rorlik@coxcastle.com

10

Attorney for Ridgeline Energy Services (USA) Inc.:

•Louis E Kempinsky    lek@kempinskylaw.com

11

Attorney for the County of Los Angeles Treasurer/Tax Collector:

12

•Barry S Glaser    bglaser@swesq.com, erhee@swesq.com

13

Attorneys for Creditor Argo Partners:

•Matthew A Gold    courts@argopartners.net

14

•Richard    H    Golubow    rgolubow@winthropcouchot.com,    pj@winthropcouchot.com;
vcorbin@winthropcouchot.com

15

Attorney for the City of Santa Fe Springs:

16

•Ronald E Ostrin    ron@ostrinlaw.com

17

Attorneys for Creditors Loeb & Loeb:

•Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com

18

•Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com

19

Attorney for Regional Water Quality Control Board, Los Angeles Region; State Water Resources Control Board:

•Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov, gwen.blanchard@doj.ca.gov

20

Attorney for SoCal Developers, Michael Abbasfard:

21

•Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com

22

Attorney for Secured Creditor Iron Mountain:

•Joseph Corrigan    Bankruptcy2@ironmountain.com

23

24

Attorney for Creditor Seaport Group:

•Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com

25

Attorney for Creditors ACE Property and Casualty Insurance Company and Central National Ins Company of Omaha:

26

•Mark D Plevin    mplevin@crowell.com

27

Attorney for National Union Fire Insurance Company of Pittsburgh, PA:

•Stephen Wong    swong@spcclaw.com

28

Attorney for Creditor Smith, Gambrell & Russell:
•John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com

Attorneys for the Office of the United States Trustee:
•Kenneth G Lau    kenneth.g.lau@usdoj.gov
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL:**

By US Mail:

Special Notice:

Rafael Bernardino
Hobson Bernardino + Davis LLP
725 S Figueroa St, Ste 3230
Los Angeles, CA 90017

H. Henry Eshraghian
Expert Accounting & Tax Firm
112 W 9th St Ste 325
Los Angeles, CA 90015

The Seaport Group LLC Profit Sharing Plan
c/o The Seaport Group LLC
Attn: Scott Friedberg
360 Madison Ave 22nd Fl
New York, NY 10017