Thomas H. Casey - Bar No. 138264
Kathleen J. McCarthy - Bar No. 132637
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
22342 Avenida Empresa, Suite 200
Rancho Santa Margarita, CA 92688
Telephone:    (949) 766-8787
Facsimile:    (949) 766-9896
Email:    TomCasey@tomcaseylaw.com
Email:    KMcCarthy@tomcaseylaw.com

Attorney for Jason M. Rund
Chapter 11 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:12-bk-25842-RN |
| LAKELAND DEVELOPMENT COMPANY, | Chapter 11 |
| Debtor. | **STATUS REPORT OF THE CHAPTER 11 TRUSTEE** |
| | Date:    July 8, 2015 |
| | Time:    10:00 a.m. |
| | Ctrm:    1645 |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY**

**JUDGE:**

This Court directed the appointment of a Chapter 11 Trustee by Order entered June 24, 2015 ("June 24, 2015 Order"). The June 24, 2015 Order also directed the Chapter 11 Trustee (1) to meet and confer with Lakeland Development Company (the "Debtor") and Goodman Santa Fe Springs SPE LLC ("Goodman"); (2) to review and investigate the Debtor's assets; (3) to analyze the feasibility of a plan, including (4) the possible resolution of the post-petition claim of Goodman.

As discussed below, the Trustee has complied with the four directives per the June 24, 2015 Order.

1

## (1) **THE TRUSTEE HAS FULFILLED THE MEET AND CONFER DIRECTIVE.**

Jason Rund ("Trustee Rund") was appointed as Chapter 11 Trustee in this bankruptcy case by Order entered on June 30, 2015 and Trustee Rund immediately began to fulfill the tasks required by the June 24, 2015 Order.

Trustee Rund and his proposed counsel, the Law Office of Thomas H. Casey. Inc., ("Trustee's Counsel") were immediately in communication with Debtor's counsel, Richard T. Baum ("Attorney Baum") via telephone and email, even prior to entry of the order appointing Trustee Rund, and to set up a telephonic meeting to be conducted at the earliest possible time when the parties were available, which was July 6, 2015 at 2:00 p.m.

On July 6, 2015, Trustee Rund and Trustee's Counsel had a nearly two hour telephonic meeting with the representatives from the Debtor, Vincent Papa and Michael Egner, and Debtor's counsel, Attorney Baum and Lawrence M. Jacobson ("Attorney Jacobson") and a second nearly two hour telephonic meeting with the same parties on July 7, 2015.

Trustee Rund and Trustee's Counsel also had a lengthy initial telephonic meeting with counsel for Goodman, Lillian G. Stenfeldt ("Attorney Stenfeldt") of Sedgwick LLP, prior to the Trustee's official appointment and set up an in-person meeting with the representatives of Goodman, Ryan Jones and Alan Cockburn, on July 1, 2015. This July 1, 2015 meeting with the Goodman representatives and Attorney Stenfeldt via telephone lasted several hours. Trustee's Counsel has had additional telephonic conferences with Attorney Stenfeldt and many documents have been exchanged via email.

In addition to these meetings and telephone conferences, Trustee Rund and Trustee's Counsel have reviewed many documents which have been filed in this case and have also been in communication with the Office of the United States Trustee ("OUST").

2

**(2) THE INVESTIGATION INTO THE CURRENT ASSETS OF THE DEBTOR.**

Per the Debtor's latest monthly operating report and as further described to the Trustee by the Debtor, the maximum current assets in the Chapter 11 estate are limited to the following:

(1) just over $469,000 in cash;

(2) $115,000 of funds in an escrow account, which can only be used to pay the expenses associated with the removal of structures on the 38 acres of real property which was sold to Goodman;

(3) an estimated $20,000 in equipment and personal property (this value does not take into consideration any sale commissions);

(4) $3,031.93 in potential emission credits (this value does not take into consideration any broker commissions);

(5) $68,945.81 in stock of Ridgeline valued by the Debtor at .03 per share, but the stock cannot currently be liquidated or sold;

(6) $62,000 in long term deposits, which are difficult to collect and the value might be completely offset by credits;

(7) over $600,000 owing from Ridgeline pursuant to a default judgment which is believed to be uncollectable; and,

(8) $807,000 in debts owing from the Debtor's insiders as follows: $757,000 owing from E.M. Capital Corporation and $50,000 from the probate estate of Ziggy Hodapp (according to the Debtor, neither of these obligations are collectible).

The Trustee also believes there may be some additional assets in the form of potential causes of action against Powerine and Ridgeline and possibly Goodman, but in the limited time period the Trustee has had to investigate this case, the Trustee has not been able to determine the

3

value of such claims. The Trustee has been told, by both the Debtor and Goodman, that Ridgeline is judgment proof. Powerine claims to have significant offsets should the Debtor have any claims against them. Goodman's claims against the Debtor are addressed below.

The bottom line is that, at this point in time, the only viable asset in the estate that could be used to pay administrative expenses and provide a possible distribution to creditors is the remaining cash of just over $469,000. Some post-petition administrative claimants may be able to be paid from the remaining $115,000 in the escrow funds set aside from the removal of the structures.

Per the Debtor's Monthly Operating Reports, in October of 2014, only eight months ago, the Debtor had $2.07 million in a savings account. The Debtor ceased all operations in April of 2015 and yet only slightly over $469,000 of that $2.07 million remains.

### (3) <u>THE INVESTIGATION INTO THE FEASIBILITY OF PLAN.</u>

In the Debtor's opposition to the Motion filed by Goodman seeking a conversion of this case to one under Chapter 7, the Debtor describes a potential plan which is dependent on a contingent gift from Powerine of $1.5 million. The initial contingent gift was to be $2.5 million. Powerine has admitted that the motivation for this contingent contribution is to overcome the absolute priority rule so that the shareholders can retain an equity interest in the Debtor and reap the tax losses that give the Debtor value. As explained below, the Debtor might not even have these extensive tax losses remaining.

This contribution to the plan from Powerine appears to be contingent on three things: (1) Powerine is able to settle ligation that has been pending for nearly 20 years involving insurance companies and policies for the cleanup of contamination of the real property and of the

water table, (2) the Debtor is able to confirm a plan, and (3) the plan provides for the payment to unsecured creditors.  It is unlikely that any of these contingencies will be met in the near future.

Firstly, Powerine has not provided the Trustee with any information that leads the Trustee to believe a settlement of the insurance litigation is possible in the near future.  This litigation has been pending for 20 years.  Powerine is refusing to provide the Trustee with any further significant information than that which is provided in their filed pleading based upon their claim of the confidentiality of the settlement negotiations.

Secondly, unless the Debtor can pay all administrative claims in full as of the effective date of the plan, the Debtor will be unable to confirm a plan.  The Debtor has suggested the manipulation of the effective date of the plan so as to allow the Debtor time to negotiate the reduction of administrative claims and to provide time to collect sufficient funds to pay the reduced administrative claims.  The Debtor provided the Trustee with an accounts payable ledger dated June 23, 2015.  According to this ledger, even without considering any claims by Goodman and making adjustments as indicated by the Debtor, the Debtor owes $426,397.73 in post-petition administrative expenses.  The Debtor appears to suggest the potential reduction of $426,397.73 in post-petition administrative expenses in the amount of $72,693.67 by $50,000 due to the decision not to continue with D&O insurance and the fact that $22,693.67 was incurred by Loeb & Loeb as special counsel and the Court denied their employment.  The $426,397.73 in post-petition administrative expenses does not include the Debtor's additional liability of $91,000 owing to AMPCO for cleanup cost and the vacation accrual for insiders of $25,000.  Thus, the current unpaid administrative expenses, without consideration of any claims by Goodman, are admitted to be $469,704.06.  Also, this amount of estimated unpaid administrative claims does not take into consideration any post-petition tax liability owing by the

estate.  The Debtor has not paid any post-petition taxes and is just now finalizing the 2013 tax return.  The Debtor has yet to calculate the potential capital gains tax incurred in the two sales of real property.  The potential gain in the sale to Goodman was roughly calculated to be $14 million.  The Debtor's representatives indicated that the Debtor currently has only $12 million in loss carry-forwards to offset this gain.  A much more in depth analysis of the tax liabilities of the Debtor is required.

Finally, given the remaining limited assets of the Debtor and the potential for capital gains tax liability by the Debtor, the proposed $1.5 million gift from Powerine may not be sufficient to provide a distribution to unsecured creditors.

The Debtor's plan is completely dependent upon the contingent contribution from Powerine.  To date, Powerine has not provided a solid enforceable commitment to provide the gift but only a contingent offer based on contingencies that are unlikely to occur within a reasonable time, if ever.  The Trustee is not convinced that a viable, feasible plan is possible.

### (4) **THE INVESTIGATION INTO THE POST-PETITION CLAIM OF GOODMAN.**

The final matter the Court requested the Trustee to investigate was the post-petition claim of Goodman and the possible resolution of such.  The claim of Goodman consist of three parts: (1) a post-petition rent liability of the Debtor pursuant to the Lease/Cleanup Agreement entered into in connection with the sale of the 38 acres from the Debtor to Goodman in the amount of $299,944, (2) reimbursement for structural removal costs already incurred by Goodman after the Debtor failed to do so, and (3) estimated future costs for further structural removal cost and additional cleanup cost due to the Debtor's actions.

The post-petition rent liability portion of the claim has been addressed by both the Debtor and Goodman in connection with the filed motion to convert this case to one under Chapter 7.

6

The Court approved the Lease/Cleanup Agreement which provided that the Debtor was only to get free rent through June 30, 2014 in an order entered in December of 2013. Under *Rule 60*, incorporated in *Bankruptcy Rule 9024*, if the order was entered based upon mistake inadvertence, surprise or excusable neglect, the party must bring a motion to correct the order within one year. Despite the assertion that the parties were discussing the "error" in the Court approved agreement back in June of 2014, the Debtor never requested a reconsideration of the order, which it could have prior to December of 2014. The Debtor and Goodman agree that the Court approved Lease/Cleanup Agreement provided free rent only until June of 2014 and that there has never been Court approval for any alterations to the Lease/Cleanup Agreement. Based upon the above, it is unlikely that the Debtor would be successful in an objection to this portion of the Goodman claim. Perhaps the Debtor would be able to reduce the claim by a few months of rent, however, the Debtor has admitted that, even after consideration of such adjustments, the post-petition rent claim is over $240,000.

In the meeting with Goodman, the Trustee was informed that as of April of 2015, Goodman had already incurred $347,646. in costs for work that was to be done by the Debtor pursuant to the sale transaction and the Lease/Cleanup Agreement. This amount is the claim for reimbursement for structural removal cost already incurred by Goodman after the Debtor failed to do so. A portion of these costs could be deducted from the $115,000 still remaining in escrow. The Trustee has not had an opportunity to review the invoices comprising this portion of the claim, but given the amount of work that Goodman was required to do and which has been completed, the claim appears to be reasonable.

Goodman has estimated that it will incur additional $4,801,993 in cleanup costs due to the actions of the Debtor. A large part of this element of the claim centers around the

7

disagreement between the Debtor and Goodman as to whether the moving of the contents from

tank 17 to tank 63 caused additional cleanup to be required as contended by Goodman or if it

was a "wash" as the Debtor contends.  An analysis of this portion of the claim requires a review

of expert reports regarding the extent of contamination that was in tank 17 and tank 63 and the

analysis of the estimates for the increased cost for the cleanup.  The accuracy of Goodman's

$4,801,993 estimation of future cleanup costs requires further investigation and analysis.

However, one fact is very clear:  The ability of any party to settle Goodman's large Chapter 11

administrative claim is very problematic because, as discussed above, this case is very

administratively insolvent on a Chapter 11 basis.

## CONCLUSION.

Even if the claim of Goodman is limited to the unpaid post-petition rent, the Chapter 11

case is currently administratively insolvent with no prospect of a feasible plan in the reasonable

future.

LAW OFFICE OF THOMAS H. CASEY, INC.

Date: July 7, 2015

Thomas H. Casey, Esq., counsel for Jason Rund,
Chapter 11 Trustee for the estate of Lakeland
Development Company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**22342 Avenida Empresa, Suite 200, Rancho Santa Margarita, CA  92688**

A true and correct copy of the foregoing document entitled (*specify*): **Status Report of the Chapter 11 Trustee** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 7, 2015,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lorie A Ball    LBall@robinskaplan.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Thomas H Casey    lmiller@tomcaseylaw.com, msilva@tomcaseylaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com
- Robert S Gebhard    robert.gebhard@sedgwicklaw.com, quintella.griffin@sedgwicklaw.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Matthew A Gold    courts@argopartners.net
- Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov, gwen.blanchard@doj.ca.gov
- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Lawrence M Jacobson    lmj@gfjlawfirm.com
- Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 7, 2015,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 7, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2015 | Kathy Driggers | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Louis E Kempinsky    lek@kempinskylaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com
- John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com
- Randy P Orlik    rorlik@coxcastle.com
- Ronald E Ostrin    ron@ostrinlaw.com
- Mark D Plevin    mplevin@crowell.com, cromo@crowell.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Howard J Weg    hweg@robinskaplan.com
- Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com
- Stephen Wong    swong@spcclaw.com


**SERVED BY PERSONAL DELIVERY:**

**Interested Party**
United States Bankruptcy Court
Attn:  Hon. Richard M. Neiter
255 E. Temple Street, Suite 1652
Los Angeles, CA  90012

**SERVED BY US MAIL:**

**Debtor**
Lakeland Development Company
P.O. Box 4406
Santa Fe Springs, CA  90670

**Request for Special Notice**
Rafael Bernardino
Hobson Bernardino + Davis LLP
725 S. Figueroa Street, Suite 3230
Los Angeles, CA  90017

H. Henry Eshraghian
Expert Accounting & Tax Firm
112 W. 9th Street, Suite 325
Los Angeles, CA  90015

**SERVED BY EMAIL:**

- Lorie A Ball    LBall@robinskaplan.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Richard T Baum    rickbaum@hotmail.com, rickbaum@ecf.inforuptcy.com
- Thomas H Casey    lmiller@tomcaseylaw.com, msilva@tomcaseylaw.com
- Joseph Corrigan    Bankruptcy2@ironmountain.com
- Scott D Friedberg    sfriedberg@theseaportgroup.com, sdfriedberg@gmail.com
- Robert S Gebhard    robert.gebhard@sedgwicklaw.com, quintella.griffin@sedgwicklaw.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- Matthew A Gold    courts@argopartners.net
- Noah M Golden-Krasner    noah.goldenkrasner@doj.ca.gov, gwen.blanchard@doj.ca.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- Richard H Golubow    rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- Lawrence M Jacobson    lmj@gfjlawfirm.com
- Lance N Jurich    ljurich@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Louis E Kempinsky    lek@kempinskylaw.com
- Kenneth G Lau    kenneth.g.lau@usdoj.gov
- John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com
- John G McCarthy    jmccarthy@sgrlaw.com, nyoecf@sgrlaw.com
- Randy P Orlik    rorlik@coxcastle.com
- Ronald E Ostrin    ron@ostrinlaw.com
- Mark D Plevin    mplevin@crowell.com, cromo@crowell.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.epiqsystems.com, jrund@srlawyers.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jeanne C Wanlass    jwanlass@loeb.com, karnote@loeb.com;ladocket@loeb.com
- Howard J Weg    hweg@robinskaplan.com
- Christopher F Wilson    cfw.cwanda@gmail.com, cindy.c.wilson@gmail.com
- Stephen Wong    swong@spcclaw.com
- Lillian G. Stenfledt    Lillian.stenfeldt@sedgwicklaw.com
- Joel Long  Joel.long@sedgwicklaw.com
- Matthew H. Kagan    kagan@thriftyoil.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**